# CHARLESTON.

PRESTON *v.* WEST, *et al.*

Submitted September 3, 1909.  Decided March 14, 1911.

1. SPECIFIC PERFORMANCE—*Contracts Enforceable—Verbal Contracts for Sale of Land.*

   A verbal contract for the sale of land, partially performed by possession and improvements under it and the payment of the purchase money, or a part thereof, is enforceable in equity. (p. 26).

2. VENDOR AND PURCHASER—*Bona Fide Purchaser—Notice—Possession.*

   Actual possession of real estate is sufficient notice to a purchaser, contracting with a claimant who is not in possession, to put the purchaser on inquiry; and, if he takes a conveyance from the claimant not in possession, he will be charged in favor of the person in possession with all the information inquiry would have opened to him if diligently pursued. (p. 27).

   (BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Raleigh County.

Bill by A. D. Preston against A. H. West and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

*Charles E. Hogg,* for appellant.

*J. W. McCreery* and *W. H. McGinnis,* for appellees.

ROBINSON, JUDGE:

Susan K. Wriston and her husband jointly owned a tract of land.  The husband died, intestate, in the year 1891, leaving six children.  His one half interest in the land of course descended to these children subject to the dower right of his widow therein.  By a verbal contract the widow and elder sons sold the land to William S. Dunbar, the father of Mrs. Wriston. Though some of the children were infants, it appears that this sale was intended to be in their behalf also.  Payments on the consideration were made by Dunbar to Mrs. Wriston and her family.  Dunbar, the father and grandfather, seems to have been taking the land at the request of his daughter and elder grandchildren, so that they could better their condition by devoting

themselves to other land, on which they lived, at some distance from this land which they sold. The land when they sold it was considered of little value.

Dunbar, soon after his verbal purchase, sold the land, in 1893, by title bond to A. H. West, who purchased on behalf of his wife, Jane West. It may be inferred that Dunbar expected to perfect title in Mrs. West by a deed when all the children should have become of age. He put Mrs. West and her husband in possession of the land, pursuant to his sale to them, and they have since remained in full possession thereof and have made extensive improvements. They have used and occupied the land as a home and farm continuously since their purchase. Mrs. Wriston, though living in the neighborhood of this land and knowing of the possession and improvements of the Wests, presumably in recognition of the sale to Dunbar, offered no complaint or objection to the occupancy and use on the part of the parties to whom Dunbar sold. Throughout all these years the Wests occupied and used this land. Mrs. Wriston freely acquiesced in their use and control of the land, and to all intents and purposes recognized them as the owners, though the legal title remained in her and her children. The Wriston family by their verbal sale had fully parted company with the tract.

In the year 1901, the plaintiff, for the slight consideration of twenty-five dollars, obtained a deed from Mrs. Wriston for all her interest in the land, and promptly admitted the deed to record. The land had become valuable by reason of the development of the country and the demand for coal deposits. The one-half interest was now worth fifteen hundred dollars. Mrs. Wriston claims that she did not know that she owned any other interest than dower, and that the plaintiff deceived her in obtaining the deed for a greater interest. She insists that by her illiteracy, and because of her lack of knowledge of the actual interest to which she held legal title, she was made to convey more to the plaintiff than she intended. Be all this as it may, it is not an important feature in the case.

A short time after the plaintiff obtained his deed, Mrs. West set out to secure the legal title to the land, to which she was entitled because of her purchase from Dunbar and his purchase from the Wristons. Mrs. Wriston and all her children, except one which was under age, joined in a deed for the whole tract

to Mrs. West, reserving however the dower interest which Mrs. Wriston claimed to have conveyed by the deed to the plaintiff. More than two years after Mrs. West obtained her deed, the plaintiff secured from one of the children, John R. Wriston, who had joined in the conveyance to Mrs. West, a deed purporting to convey his interest in the tract and to disaffirm his deed to Mrs. West on the ground that he was an infant at the time of its execution.

The above mentioned pertinent and controlling facts we deem sufficiently established by the record. Now, this suit is one which seeks a partition of the land between the plaintiff and Jane West. The plaintiff claims that he is the owner of the one-half interest that Mrs. Wriston originally held, by virtue of her deed to him, which antedates the deed to Mrs. West, and that he is the owner of the interest of John R. Wriston, by virtue of the deed by which the latter disaffirmed his former conveyance to Mrs. West. These claims on the part of the plaintiff the circuit court has rightly and justly disapproved by its decree. His appeal cannot avail.

The verbal sale of Mrs. Wriston to Dunbar carried her interest in the land to him. The sale was not within the statute of frauds. There was payment of purchase money and possession under the contract. Possession was delivered to Dunbar by force of the verbal sale, so that he was enabled to put his vendee into possession and by him to make improvements on the land. These acts of part performance were of such unequivocal nature as to be evidence of the existence of an agreement itself. *Hale* v. *Hale,* 90 Va. 728. A verbal contract for the sale of land may be enforced in a court of equity, when there has been a part performance of the contract by possession and improvements under it and the payment of the purchase money, or a part thereof. No one will controvert the well settled proposition that, when there has been a part performance of a parol contract for the sale and purchase of real estate, by the purchaser being put into possession of the property, and by the payment of the purchase money, or a part thereof with a readiness to pay the residue, and valuable improvements have been made on the land by the purchaser on the faith of the contract, a court of equity will not deny the purchaser the title to the land. A deed will be decreed to the purchaser under such circumstances. The legal

title is due to him. To hold otherwise would consummate a fraud on the vendee by the use of the statute meant to prevent frauds. There are numerous cases in point. 12 Enc. Digest, Va. and W. Va., 541-542. So, we must observe that Jane West by her purchase from Dunbar had good equitable title to the interest of Mrs. Wriston in the land—one that would call for a conveyance of the legal title to her. Besides, Mrs. Wriston recognized and further performed her contract with Dunbar by the execution of the deed to Mrs. West, his vendee, long after his death, evidently in consideration of the original contract. True, she reserved dower, but that may be explained by the fact that she had made a deed to the plaintiff which she was not entitled to make. And true, the deed to Mrs. West was subsequent to the conveyance to the plaintiff. But the fact that Mrs. Wriston ultimately made the deed to Mrs. West is strong corroborative evidence that Mrs. West was actually entitled to the legal title through the verbal sale to Dunbar.

The plaintiff purchased the interest of Mrs. Wriston with notice of the right of Mrs. West thereto. He was obliged to take notice of her right because her possession of the land put him on inquiry. Equity will not allow him to get title to that which he must know belongs in justice and good conscience to another. The plaintiff, observing the possession of the land by Mrs. West, is presumed to have inquired by what right she was on the land and to have been led to the very facts that have been established as showing that she had good equitable title. He is plainly chargeable with notice of Mrs. West's title. He cannot in equity buy of Mrs. Wriston the very thing that he must know belongs to Mrs. West and is due to the latter from the identical party from whom he purchases. Actual possession of real estate is sufficient notice to a purchaser, contracting with a claimant who is not in possession, to put the purchaser on inquiry; and, if he takes a conveyance from the claimant not in possession, he will be charged in favor of the person in possession with all the information inquiry would have opened to him if diligently pursued.. *Campbell* v. *Fetterman,* 20 W. Va. 398. The plaintiff's deed must fall before the rights of Mrs. West and the deed which she finally obtained in substantiation of those rights.

Nor has plaintiff shown that he has title to the interest of

John R. Wriston which is superior to the title of Mrs. West in relation to that interest. He has not clearly established that the deed of John R. Wriston to Mrs. West was made during the grantor's infancy and was one that could be disaffirmed. The plaintiff has not successfully impeached Mrs. West's deed from this young man. The evidence is conflicting, but there is nothing to convince us that the chancellor erred in holding that which we now approve.

The decree is a proper one; it will be affirmed.

*Affirmed.*