Wright v. Cummings.

---

No. 23,077.

ELIZA JANE WRIGHT et al., *Appellants,* v. IDA CUMMINGS et al., *Appellees.*

### SYLLABUS BY THE COURT.

WILL—*Forfeiture Clause—Provision Against Contest—Validity—Forfeiture Clause Not Violated.* A testator by his will devised to his children certain real estate with a provision that "should any beneficiary named herein, by means of a suit or otherwise, attempt to set this will aside, or otherwise interfere with the execution of the same as I leave it, such person so attempting shall have no part of my property, and the share which would otherwise go to such person shall be distributed equally among the remaining beneficiaries." In an action against one of the devisees for partition brought by the other devisees it was alleged that in direct violation of the forfeiture clause of the will, the defendant presented in the probate court a claim for $600 against the estate; that it was allowed by the probate court and judgment rendered against the estate; that on appeal to the district court the claim was disallowed. The petition made no reference to the nature or character of the claim filed by the defendant against the estate. A demurrer to the petition was sustained. *Held,* that the act of the defendant in filing a claim against her father's estate did not amount to a contest of the will or to a violation of the terms of the clause providing for forfeiture, and therefore the petition fails to state a cause of action.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 12, 1921. Affirmed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellants.

*W. P. Hackney,* and *L. D. Moore,* both of Winfield, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In an action for partition the court sustained a demurrer to the petition. Plaintiffs elected to stand on their petition and bring the case here for review.

The petition alleged that in November, 1918, William Huff-man, father of the litigants herein, executed his last will, and in December thereafter died; that his will was duly probated and no appeal has been taken from the decree of probate; that by the terms of the will the testator gave to his daughter, Ida Cummings, defendant, certain real estate in Arkansas City on condition that she should pay to the executor of the estate the sum of $5,000 and should satisfy a bequest of $500 mentioned in paragraph 3 of the will. The second clause of the will contained a provision as follows:

"My great desire is that there shall be no dissension after my decease, and it is therefore an essential stipulation of this will that should any beneficiary named herein, by means of a suit or otherwise, attempt to set this will aside, or otherwise interfere with the execution of the same as I leave it, such person so attempting shall have no part of my property, and the share which would otherwise go to such person shall be distributed equally among the remaining beneficiaries share and share alike as herein stipulated."

The petition alleged that the defendant, Ida Cummings, in direct violation of the second provision of the will, presented in the probate court a claim of $600 against the estate and that a defense to her claim was made by the administrator; that the probate court allowed her claim and rendered judgment against the estate accordingly; that thereupon the administrator appealed to the district court, where the claim was disallowed and the costs of the proceedings taxed against Ida Cummings; and that the judgment of the district court has become absolute and final.

It is the contention of the plaintiffs that by filing the claim in the probate court defendant forfeited all right and interest in the land, and that the title thereto reverted to the plaintiffs and to the other defendants. The question of the legality of a condition in a will that any devisee or legatee who shall contest the will shall forfeit his devise or legacy has never been before this court.

In 2 Jarman on Wills, 6th ed., 581, it is said:

"Sometimes a testator imposes on a devisee or legatee a condition that he shall not dispute the will. Such a condition is regarded as *in terrorem* only, at least, where the subject of disposition is personal estate; and, therefore, a legatee will not, by having contested the validity or effect of the will, forfeit his legacy where there was *probabilis causa litigandi*, unless, it seems, the legacy be given over upon breach of the condition."

The reason for an exception in cases where there has been a valid gift over is that upon breach of the condition the estate or interest passes to the party to whom the gift over was made and in equity he is entitled to take. The rule was clearly stated in *White's Estate* (1893), by Penrose, J., reported in 2 Pa. Dist. Rep., 207, as follows:

"If, however, the will provided that in the event of breach of condition the estate or interest to which it was annexed should pass to another person, then 'in order to protect the interests of the party to whom the ulterior limitation was thus made,' the original gift, in case of breach, terminated *ipso facto*. (*Wheeler v. Bingham*, 3 Atk. 367; *Stratton v. Grimes*, 2 Vernon 357; *Cleaver v. Spurling*, 2 P. Wms. 528.)" (p. 208.)

The opinion commented upon Lord Cranworth's decision in *In re Dickson's Trust*, 1 Sim., n. s., 37, as follows:

"But even Lord Cranworth concedes that a condition in partial restraint of marriage, a condition against disputing the will of the testator, a condition interfering with the right of alienation or liability to creditors in bankruptcy, will me 'considered as *conditio rei non licitae*, and so treated as a mere clause *in terrorem*, unless when there has been a gift over on the condition being broken'; such conditions, he says, having 'been considered, whether justly or not it is unnecessary to inquire, as contrary to the policy, or according to the language of Touchstone, p. 132, "against the liberty of the law." ' " (p. 209.)

In the case just cited, *In re White's Estate*, the testator set apart the sum of $50,000 for the benefit of his grandson, the income to be paid annually to the executors and by them distributed for the education and care of the grandchild until the latter reached the age of 25 years, after which it was to be paid to him directly during his natural life. By a codicil, the testator directed that " 'should any attempt be made at law or otherwise, during the minority of my said grandson, to withdraw his person from the charge and custody of my said executors, . . . then, and in such a case, I hereby direct my executors to suspend all further payments aforesaid, and in such case I hereby revoke all provisions for such grandson by my said will.' " (p. 210.) The grandchild at the time of the death of the testator was 2 years of age. His father made an effort to remove him from the custody of the executors. Failing in this he employed an attorney and through him opened a correspondence with the attorneys of the executors, and without any legal proceedings the executors surrendered the grand-

child to his father, who took him into another state and thereafter retained possession of him. The executors proceeded to settle the estate and procured decrees of the orphan's court confirming their reports, which ignored any right of the grandchild to share in the estate. After he arrived at the age of 25 years, he brought proceedings in the orphan's court of Philadelphia to compel an accounting on the part of the executors. It was said in the opinion just cited:

"Conditions subsequent divesting interests previously vested, and in this respect partaking of the nature of forfeitures, are not looked upon with favor by the law. They are to be construed with the utmost strictness. If illegal or impossible to be performed they are void and the estates to which they are annexed are absolute. If in restraint of rights encouraged or enjoined by the policy of the law they are considered as *in terrorem*, or intended to operate merely through the beneficiary's fear of the consequences, and without effect, unless coupled with a limitation of the estate or interest to another person in case of breach; and a residuary clause in the will does not in such cases obviate the necessity for a limitation over—there must be at least a provision, expressed or. by necessary implication, that the forfeited interest shall fall into or become part of the residue. All of this is elementary law, illustrated by many decisions in Pennsylvania. (*McIlvaine v. Gethen*, 3 Whart. 575; *Chew's Ap.*, 9 Wright, 228; *Hoopes v. Dundas*, 10 Barr, 75; *Mickey's Ap.*, 10 Wright, 337, etc., etc., etc.)" (p. 208.)

The orphan's court held that the interest given to the petitioner was a vested one, taking effect from the date of the testator's death, and because of the absence in the codicil of any attempt to make a gift over, the condition was a mere clause *in terrorem* which would not be sufficient to divest the legacy. On appeal to the supreme court of Pennsylvania (*White's Estate*, 163 Pa. 388), the opinion of the orphan's court was affirmed. While the court found it unnecessary to treat the codicil as intended to operate *in terrorem* merely, it was held that the condition should be construed with great strictness, and should be interpreted to mean successful attempts made with force or at law, and that the evidence showed no such attempt; that the act of the father of the petitioner in removing him from the control of the executors "did not, it could not, divest the vested legacy of the infant." (p. 402.)

A different rule applies, however, to devises of real estate, for the reason that no gift over in such a case is necessary, it being a settled rule of the law of real estate that the heir may

enter upon breach of the condition. Thus, in *Cooke v. Turner,* 15 M. & Wel. 727, 14 Sim. 493, it was expressly decided that such a condition annexed to a devise of land was valid and effectual without a gift over on breach.

In addition, the fact that the property devised by the will in this case consists of real estate, there is a provision that the share of the heir or devisee who shall institute a contest shall go to the other devisees; that is, there is a gift over upon breach of the condition. Many authorities, however, hold that where there was a probable cause for contesting the will, the courts will not enforce a forfeiture, and this for the reason that forfeitures are not favored in law, are despised in equity, and for the reason that such conditions are an attempt to deprive the courts of jurisdiction.

It becomes unnecessary, however, to determine in this case the effect of a provision forfeiting the interest of a devisee or legatee who shall contest the will. That question may be left for future determination in some case where the question is directly involved. It is clear, in our opinion, that the act of Mrs. Cummings in filing a claim against her father's estate did not amount to a contest of the will or to a violation of any of the terms of the second clause of the will. A careful reading of the petition indicates that the pleader studiously avoided any reference to the nature or character of the claim filed by the defendant in the probate court.

In paragraph 6 the testator provides in his will for the payment of all just debts, including those of sickness and burial. Regardless of this provision his estate was liable for his debts. Suppose the defendant had a claim for money loaned the testator to pay doctors' bills or for any other expenses of his last illness, she would have in such a case a just claim against the estate for a debt, and the filing of such a claim could not be held in any respect to be a contest of the will or an interference with any of its provisions. So far as any averments of the petition show to the contrary, the validity of the will was not put in dispute by the filing of the claim. In fact, from all that appears in the petition, Mrs. Cummings, by filing her claim, elected to take under the will. The petition does not even allege that in filing her claim against the estate, the defendant acted in bad faith or without probable cause and the

presumption is that she acted in good faith and with probable cause. The petition contains no statement from which it can reasonably be inferred that the defendant failed to pay the $5,500, upon payment of which she was to receive a conveyance of the property described in the fourth clause of the will.

In *Henry B. Chew's Appeal,* 45 Pa. 228, it was held that the assertion of a legal right independent of the will was not an interference with the will. It was said in the opinion:

"The prohibition did not mean to prevent the assertion of supposed legal rights not amounting to denial of the devises to others." (p. 233.)

It would be clearly against the policy of the law to extend the terms of a forfeiture of this character beyond the express terms of the condition itself. To do so would be to encourage forfeitures by construction. Conditions of this character, as we have seen, are not regarded with favor by the courts, and will not be enforced when they can be reasonably relieved against. For the purpose of defeating a forfeiture, the condition will be construed most strictly. Public policy should be as much concerned in upholding the right of a citizen to have his claim determined by law as it is to prevent contests of wills.

A case cited by the plaintiffs, *Moran v. Moran,* 144 Iowa, 451, is hardly in point. The testator in that case gave his farm to his wife and certain bequests to his children by a former wife, with a provision that any legatees who contested the will should forfeit their shares. Four of the children sought in an action in equity to recover most of the farm as the heirs of the testator's first wife to whom they asserted it had been granted, alleging that the testator had acquired title thereto by forgery. This was held to be a contest of the will and it was pointed out that to contest a will it was not necessary to make a direct assault upon the entire instrument as a will, but that any attack which would defeat the purpose of the testator as expressed in the will comes within the clause working forfeiture. Other authorities are cited by plaintiffs where the provision attempted to forfeit the share of any legatee or devisee who should make any claim against the testator's estate. The condition in the present case does not go that far. It provides for forfeiting the share of any devisee or legatee who shall "by means of a suit or otherwise, attempt to set this will aside, or otherwise interfere with the execution of the same as I leave

it." Without attempting to decide the effect of a provision forfeiting the share of a devisee or legatee who should present any claim against the testator's estate, because we do not consider that question as directly involved, it is doubtless true that the weight of authority is against giving effect to such a condition.

In *Rouse v. Branch*, 91 S. C. 111, it was said:

"It is the interest of the state, that every legal owner should enjoy his estate, and that no citizen should be obstructed, by the risk of forfeiture, from ascertaining his rights by the law of the land. It may be politic, to encourage parties in the adjustment of doubtful rights, by arbitration or by private settlement; but it is against the fundamental principles of justice and policy, to inhibit a party from ascertaining his rights by appeal to the tribunals established by the state, to settle and determine conflicting claims. If there be any such thing as public policy, it must embrace the right of a citizen, to have his claim determined by law." (p. 115.)

The demurrer was rightly sustained because the petition fails to show that by filing her claim against the estate Mrs. Cummings sought to contest, in any respect, the validity of the will.

The judgment is affirmed.