JUANELL P. HALEY, BY AND THROUGH HER NEXT FRIEND, ROBERT T. GASH, AND BLANCHE PETIT GOOSEN v. CHARLES W. PICKELSIMER, JR., AND JOSEPH E. PICKELSIMER, EXECUTORS OF THE ESTATE OF C. W. PICKELSIMER, DECEASED.

(Filed 26 February 1964.)

**1. Declaratory Judgment Act § 2—**

In a proceeding under the Declaratory Judgment Act the plaintiff should set forth in his pleading all facts necessary to disclose an existing controversy justiciable under the Act and all facts necessary to a complete adjudication of the controversy.

**2. Appeal and Error § 35—**

The Supreme Court will take judicial notice of matters disclosed by its records in prior interrelated actions.

**3. Wills § 59—**

A forfeiture provision of a will that a beneficiary thereunder should receive nothing if he contests the instrument will not be given effect provided

the contest is in good faith and with probable cause, but in order to adjudicate the question the elements of good faith and probable cause must be properly determined.

**4. Same—**

A forfeiture provision of a will that a beneficiary should receive nothing thereunder if he contests the will or any of its dispositive provisions will be strictly construed.

**5. Same—**

A suit to recover for breach of contract by the decedent to leave property to a minor in consideration of personal services rendered by the minor's mother does not constitute an objection to or dissent from the terms and provisions of decedent's will, and therefore does not come within the provision of the will that any beneficiary contesting the will should forfeit all benefits thereunder. The minor not being barred, *a fortiori* the mother, not a party to the prior action, would not be barred.

**6. Wills § 63—**

The doctrine of election applies only when the intent to put the beneficiary to an election clearly appears from the instrument and the beneficiary is confronted with the inconsistent choices of affirming the will by taking property devised or bequeathed to him thereunder or disaffirming the will by denying testator's right to dispose of other property belonging to the beneficiary.

**7. Same—**

An unsuccessful suit against the estate to recover for breach of contract to devise or convey property in consideration of personal services rendered does not constitute an election precluding the plaintiff from taking benefits under the will, since the doctrine of election applies only when the will confronts a beneficiary with a choice between benefits inconsistent with each other.

**8. Wills § 71—**

An adjudication of the right of a beneficiary to take under the will should not decree that such beneficiary is entitled to the amounts specified in the instrument, there being no determination of the status of the estate or the sufficiency of its funds to satisfy all claims within the same priority.

APPEAL by defendants from *Martin, J.,* June Session 1963 of TRANSYL-
VANIA.

Action instituted February 21, 1963, under the Declaratory Judgment Act, G.S. 1-253, *et seq.,* in which the prayer for relief is that the court "declare the rights of these plaintiffs under the Last Will and Testament of Charles W. Pickelsimer, deceased."

Plaintiffs alleged (and defendants admitted) the following:

The last will and testament of Charles W. Pickelsimer, deceased, was probated February 8, 1960. Defendants are the duly appointed, qualified

and acting co-executors of said will. The said will, set forth in full in the complaint, contains *inter alia* the following provisions:

## "VII

"(a) I give and bequeath the sum of $1,000.00 to my housekeeper, Blanche Marie Petit.

"(b) I give and bequeath the sum of $1,000.00 to my housekeeper's daughter, Blanche Juanell Petit. I further give and bequeath to said Blanche Juanell Petit the sum of $75.00 per month until she reaches the age of 18 years. And I direct that my Executors shall set aside sufficient funds for this purpose from cash or bank deposits which I may own at my death and shall deposit same in a special bank account for said monthly distribution to Blanche Juanell Petit until she reaches the age of 18 years.

## "VIII

"It is my desire that my property shall be distributed and paid as herein provided in this will and to that end it is provided that any beneficiary or devisee who objects or dissents to any of the terms or provisions of this will in any respect whatsoever shall be forever barred and excluded as a beneficiary or devisee under this will. The share that such dissenting person would have taken shall then be distributed among my surviving children, or their respective successors in interest, who do not dissent or object to the terms of said will."

Plaintiff Blanche Petit Goosen is the person named as beneficiary in paragraph VII(a) of said will. Plaintiff Juanell P. Haley, a minor, is the person named as beneficiary in paragraph VII(b) of said will. Robert T. Gash is the duly appointed, qualified and acting next friend of Juanell P. Haley.

Defendants have not paid any amount to plaintiffs.

Defendants deny plaintiffs are entitled to the sums bequeathed to them in paragraph VII of said will.

For a first further defense, defendants asserted plaintiffs are "forever barred and excluded as beneficiaries or devisees" under said will by the provisions of paragraph VIII. In support thereof, defendants *alleged* the following: An action was instituted by Juanell Petit Haley against these defendants in the Superior Court of Transylvania County in which the plaintiff alleged the testator, Charles W. Pickelsimer, had entered into a verbal contract with Blanche Petit Goosen, mother of Juanell P. Haley, by the terms of which he agreed to will and devise a one-fifth part of his estate to Juanell P. Haley. In said action, the plaintiff sought to recover from the defendants on account of the testator's breach of said oral con-

tract the sum of $250,000.00, alleged to be the value of a one-fifth part of the testator's estate. The said action terminated in favor of the defendants. Plaintiff Blanche Petit Goosen aided and abetted her minor daughter in that she employed counsel to institute and prosecute such action and voluntarily appeared for the purpose of giving evidence in behalf of her minor daughter when the cause was called for trial. Plaintiffs, by said conduct, elected to reject the benefits provided for them under the terms of said will.

For a second further defense, defendants alleged: 1. Plaintiffs, if not barred, are general beneficiaries. There are no funds now available for the payment of general bequests. The payment of costs of administration and other costs having priority has exhausted all the funds out of which general bequests could have been paid. 2. Prior to the institution of said action for breach of verbal contract, defendants offered to pay and had funds available to pay the bequests to plaintiffs under the terms of the will. The expenditure of large sums in the defense of said action has exhausted all funds otherwise available for the payment of general bequests.

The cause was heard by consent at June Session 1963 of the Superior Court of Henderson County, North Carolina, before Judge Martin, the Presiding Judge. It was stipulated and agreed that judgment "might be signed out of term and out of county."

The judgment, which is dated September 20, 1963, after recitals, states the court "finds the following facts concerning said action." (The matters set forth as findings of fact relate solely to defendants' first further defense.) The court then set forth conclusions of law to the effect neither plaintiff had made an election or had taken any action barring her right to receive the bequest made to her in Article VII. The court then entered judgment as follows:

"NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED that Blanche Petit Goosen and Juanell Petit Pickelsimer Haley are entitled to receive from the executors of the Will of C. W. Pickelsimer, Sr., all sums devised and bequeathed to them under the terms of said will."

Defendants excepted "(t)o the signing of the judgment" and appealed.

*Uzzell & DuMont and Hamlin, Potts, Ramsey & Hudson for plaintiff appellees.*
*Redden, Redden & Redden for defendant appellants.*

BOBBITT, J. ". . . when a litigant seeks relief under the declaratory judgment statute, he must set forth in his pleading all facts necessary to

disclose the existence of an actual controversy between the parties to the action with regard to their respective rights and duties in the premises." *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404; *Insurance Co. v. Roberts, ante,* 285, 134 S.E. 2d 697, and cases cited. Plaintiffs, in their complaint, did not disclose what controversy, if any, existed between them and defendants. Their complaint contains no reference whatever to a prior action. However, defendants did not demur or move to dismiss.

The answer is the first and only *pleading* that purports to identify matters in controversy between plaintiffs and defendants. Plaintiffs filed no reply. In this state of the pleadings, plaintiffs moved "for the relief prayed for in their petition," to wit, for a declaratory judgment "in favor of the plaintiffs as prayed for in their petition."

It appears from Judge Martin's judgment and from the briefs that the question plaintiffs seek to have answered is this: Did the institution and (unsuccessful) prosecution of the prior action referred to in defendants' first further defense forfeit the right of either plaintiff to the bequest made to her under the terms of Article VII?

The prior action referred to in defendants' first further defense is entitled, *"Juanell Petit Pickelsimer, by and through her Next Friend, Robert T. Gash v. Charles W. Pickelsimer, Jr., and Joseph Pickelsimer, Executors of the Estate of C. W. Pickelsimer, Sr., Deceased."* The person (plaintiff) designated therein as Juanell Petit Pickelsimer is the person (plaintiff) designated herein as Juanell P. Haley.

Two appeals in said prior action have been considered and decided by this Court. On first appeal, this Court affirmed an order denying defendants' motion that Blanche Petit Goosen be made a party to said action. *Pickelsimer v. Pickelsimer,* 255 N.C. 408, 121 S.E. 2d 586. Thereafter, when the case was called for trial in superior court, the attorneys for plaintiff announced that they were prepared to offer oral evidence tending to prove the allegations of the complaint. Whereupon the court expressed the opinion the oral contract alleged was void by reason of the statute of frauds and that plaintiff was entitled to no recovery thereon. To this intimation the plaintiff excepted, submitted to a voluntary nonsuit and appealed. On second appeal, this Court affirmed said judgment of nonsuit. *Pickelsimer v. Pickelsimer,* 257 N.C. 696, 127 S.E. 2d 557.

While defendants' only exception is "(t)o the signing of the judgment," they assert there was no evidential basis for the court to make any findings of fact. Nothing in the record indicates testimony was introduced or proffered. However, it seems clear Judge Martin had before him either the original record in said prior action (on file in the office of the clerk of the Superior Court of Transylvania County) or the records and decisions of this Court in connection with said two appeals. Suffice to

say, we attach no legal significance to what are denominated findings of fact in Judge Martin's judgment. However, we take judicial notice and base decision on what our own records in said prior interrelated action disclose. *S. v. Patton*, 260 N.C. 359, 367, 132 S.E. 2d 891, and cases cited; *Swain v. Creasman*, 260 N.C. 163, 132 S.E. 2d 304; *S. v. McMilliam*, 243 N.C. 775, 92 S.E. 2d 205.

Reference is made to our decision on first appeal in said prior action for a full statement of the allegations on which the plaintiff therein based her action. Repetition is unnecessary. This fact, disclosed by the appeals in said prior action, is noted: No evidence was offered at any time in said prior action. If either of the present plaintiffs is barred by said prior action, the bar or forfeiture arises from *the institution* of said action and *the allegations* of the complaint therein.

For a comprehensive discussion of questions considered and divergent lines of authority with reference to "no contest" provisions in wills, see the following: Browder, "Testamentary conditions against contest," 36 Michigan Law Review 1066-1106; Leavitt, "Scope and effectiveness of no-contest clauses in last wills and testaments," 15 The Hastings Law Journal 45-91.

In *Ryan v. Trust Co.*, 235 N.C. 585, 70 S.E. 853, the plaintiff, a daughter of the testator, instituted the action to recover possession of a store building devised to her by her father. The defendant (executor and trustee) pleaded a no contest provision in the will as a bar to the plaintiff's claim. The plaintiff, as a caveator, had unsuccessfully contested her father's will. Upon waiver of jury trial, the court found as a fact that the plaintiff had joined in filing the caveat in good faith and with probable cause and entered judgment for the plaintiff. In affirming the judgment, this Court adopted the rule that a no contest clause is not binding and a forfeiture will not result "where the contest or other opposition of the beneficiary is made in good faith and with probable cause." The opinion of *Denny, J.* (now *C.J.*), cites and discusses decisions in each of the two lines of authority and refers to the rule adopted by this Court as supported by "the weight of authority in this country."

Plaintiffs contend the prior action (*Pickelsimer v. Pickelsimer, supra*) was instituted in good faith and with probable cause and that, under the rule adopted by this Court in *Ryan*, there has been no forfeiture of their bequests. The difficulty with this contention is that there has been no factual determination that the prior action was instituted in good faith and with probable cause. Admittedly, the prior action was instituted in reliance upon the law as stated in *Redmon v. Roberts*, 198 N.C. 161, 150 S.E. 881, a decision expressly overruled by this Court on said second appeal (257 N.C. 696). Too, in instituting said prior action, the plaintiff,

by reason of our decision in *Redmon,* was justified in assuming the fact the alleged contract was oral rather than written did not constitute *a legal bar.* However, this would not obviate the necessity of a factual determination as to good faith and probable cause in respect of whether such alleged contract was made. There is no finding, evidence or allegation that the prior action was instituted in good faith and with probable cause. Thus, the present record is insufficient to invoke application of the rule adopted by this Court in *Ryan.*

The will contains extensive provisions in which the testator devised and bequeathed specific properties to his two sons and other specific properties to his two daughters. Articles VII and VIII, quoted in our preliminary statement, are the final provisions (except the *testimonium* clause) of the will. Article VIII provides "that any beneficiary or devisee who objects or dissents to any of the terms or provisions of this will in any respect whatsoever shall be forever barred and excluded as a beneficiary or devisee under this will." Article VIII provides further: "The share that such dissenting person would have taken shall then be distributed among my surviving children, or their respective successors in interest, *who do not dissent or object to the terms of said will.*" (Our italics). These provisions of Article VIII suggest the testator had in mind the possibility that one or more of his children might be dissatisfied with the benefits he (she) would receive under the will and attack the will.

It is generally held, particularly in jurisdictions in which the rule adopted by this Court in *Ryan* prevails, that the provisions of a "no contest" clause are to be strictly construed and not extended beyond their express terms. 57 Am. Jur., Wills § 1511; 96 C.J.S., Wills § 994(b); 5 Page on Wills § 44.29.

The plaintiff in the prior action did not seek to destroy the will. Her cause of action was to recover damages on account of the testator's failure to comply with the alleged contract to make a will and therein bequeath to her a one-fifth share of his estate. Her recovery, if any, would have constituted a claim of debt against the estate, not an increase of benefits under the will. Such recovery, while it would have reduced the amount of assets available for distribution to beneficiaries under the will, would not invalidate or modify any of its provisions.

Our research discloses two decisions involving analogous factual situations, (1) *Boettcher v. Busse,* 277 P. 2d 368, decided by the Supreme Court of Washington (Department 2), and (2) *Kolb v. Levy,* 110 So. 2d 25, decided by the District Court of Appeal of Florida, Third District.

In *Boettcher,* the plaintiff's action was based on allegations that the decedent, the plaintiff's uncle, on account of services rendered by plaintiff, had agreed to make a will devising and bequeathing to plaintiff a portion

(one-half) of his estate. The only provision for the plaintiff in the decedent's will was a bequest of $1,000.00. The defendants (executors) denied the plaintiff's allegations; and, as a cross complaint, alleged the bequest to the plaintiff should be reduced from $1,000.00 to $1.00. The cross complaint was based on this provision of the will: ". . . in the event any person who is named as beneficiary under this Will shall attempt to break the terms and conditions of this Will, then and in that event such person so attempting shall forfeit all of his or her interest in said estate and shall be granted the sum of One Dollar ($1.00) and no more." Judgment dismissing (1) the plaintiff's action and (2) the defendants' cross action was affirmed. The portion of the judgment dismissing the plaintiff's action was affirmed on the ground the evidence offered by the plaintiff to establish the alleged oral contract was incompetent and properly excluded. In affirming the portion of the judgment dismissing the defendants' cross complaint "with prejudice," the opinion of Weaver, J., after quoting said no contest provision, concludes as follows:

"This court has recognized the validity of such provisions. *In re Chappell's Estate,* 1923, 127 Wash. 638, 221 P. 336; see 'Provisions in a will forfeiting the share of a contesting beneficiary.' 3 Wash. Law Review 45 (1928).

"However, the instant case is not a will contest. It is an action to enforce the terms of an alleged oral contract to devise property. It is based upon a creditor's claim filed against decedent's estate. Although the allowance or enforcement of such a claim would—as would the allowance or enforcement of any other creditor's claim—change the amount received by the residuary legatees, it would not 'break the terms and conditions of this will,' nor would it establish appellant as a residuary legatee. The filing or enforcement of a creditor's claim, by a legatee or devisee, does not invoke the provision of a will forfeiting the share of a contesting beneficiary. *Wright v. Cummings,* 1921, 108 Kan. 667, 196 P. 246, 14 A.L.R. 604."

In *Kolb,* the plaintiff was a legatee under a will containing a "no contest" clause worded as follows: *"Eleventh:* If any beneficiary of this my Last Will and Testament shall contest or aid in contesting any portion of this my Last Will, any legacy or bequest herein provided for said person shall lapse and become void, and such legacy or bequest shall become part of my residuary estate to be divided equally among the remaining persons mentioned in paragraph 'Ninth' hereof as my residuary legatees, or their issue surviving, per stirpes, who have not contested or aided in contesting this my Last Will and Testament." The plaintiff filed a claim against the estate for $350,000.00 based on the alleged breach by decedent of his contract to make a will in her favor. If established, this claim

would have consumed the major portion of the ($395,000.00) estate. The plaintiff instituted the action for a determination of her rights in respect of her said claim. The defendant (executrix) by counterclaim asserted the plaintiff's action violated the "no-contest" clause of the will. The trial court, in accordance with the defendant's contention, held the plaintiff's attempt to enforce the contract to make a will was in effect a contest thereof and that the plaintiff thereby forfeited her rights as legatee. On appeal, the decision was reversed. The opinion of Horton, J., citing *Boettcher* and quoting from the opinion therein, concludes as follows:

"Although we have been unable to find any cases in Florida dealing directly with the point in question, we conclude that the better rule, supported by the majority view, is that forfeitures occasioned by 'no-contest' clauses of wills should be strictly construed and interpreted according to the plain meaning of the words employed by the testator. In this instance, the prohibition was against any beneficiary contesting or aiding in, contesting any portion of the will, and absent any showing or adjudication that the appellant prosecuted or attempted to prosecute any of her alleged claims in bad faith or without reasonable or probable cause, we conclude that her actions did not constitute a contest within the meaning of that provision of decedent's last will and testament. We have confined our conclusion here to an interpretation of the plain and unambiguous wording employed by the testatrix in the 'no-contest' clause of the will."

Applying the rule of strict construction, it is our opinion, and we so decide, that the minor plaintiff's (unsuccessful) prior action in which she asserted legal rights based on alleged breach of contract did not constitute an objection to or dissent from the terms and provisions of the will and did not forfeit her right to the bequest made to her under Article VII. *A fortiori,* the minor plaintiff's prior action did not forfeit the right of Blanche Petit Goosen to the bequest made to her under Article VII. She was not a party to said prior action. Moreover, it did not purport to involve her legal rights or status in relation to the estate of Charles W. Pickelsimer.

The foregoing conclusion obviates the necessity of considering to what extent, if any, a minor, appearing by next friend, is affected by a "no contest" clause. Suffice to say there are divergent lines of authority: Browder, *op. cit.,* IV, p. 1102; Leavitt, *op. cit.,* p. 87; 57 Am. Jur., Wills § 1512, p. 1025; 96 C.J.S., Wills § 983, p. 472; Annotation, 67 A.L.R. 52, *65,* and supplemental decisions; *Farr v. Whitefield* (Mich.), 33 N.W. 2d 791; *Womble v. Gunter* (Va.), 95 S.E. 2d 213. For a discussion as to the status, functions and authority of the next friend of a minor, see *Teele v. Kerr,* 261 N.C. 148, 134 S.E. 2d 126, and cases cited therein.

There remains for consideration defendants' contention that, under the doctrine of equitable election in the law of wills, the minor plaintiff's

prior action forfeited her right to receive the bequest made to her in Article VII. To support their contention, defendants cite *Lipe v. Trust Co.,* 206 N.C. 24, 173 S.E. 316; *Lovett v. Stone,* 239 N.C. 206, 79 S.E. 2d 479; *Taylor v. Taylor,* 243 N.C. 726, 92 S.E. 2d 136. In our view, the doctrine of equitable election referred to in the cases cited by defendants has no application to the factual situation now under consideration.

In *Elmore v. Byrd,* 180 N.C. 120, 122, 104 S.E. 162, Walker, J., in a statement often quoted in subsequent decisions, says: "An election, in equity, is a choice which a party is compelled to make between the acceptance of a benefit under a written instrument, and the retention of some property *already his own,* which is attempted to be disposed of in favor of a third party by virtue of the same paper. The doctrine rests upon the principle that a person claiming under any document shall not interfere by title paramount to prevent another part of the same document from having effect according to its construction; he cannot accept and reject the same writing." (Our italics). In *Lamb v. Lamb,* 226 N.C. 662, 665, 40 S.E. 2d 29, Seawell, *J.,* in accord with prior cited cases, states: "The doctrine of election, as applied to wills, is based on the principle that a person cannot take benefits under the will and at the same time reject its adverse or onerous provisions; cannot, at the same time, hold under the will and against it. (Citations). The intent to put the beneficiary to an election must clearly appear from the will. (Citations). The propriety of this rule especially appears where, in derogation of a property right, *the will purports to dispose of property belonging to the beneficiary* and, inferentially, to bequeath or devise other property in lieu of it." (Our italics). Thus, as stated in *Honeycutt v. Bank,* 242 N.C. 734, 744, 89 S.E. 2d 598: "An election is required only when *the will* confronts a beneficiary with a choice between two benefits which are *inconsistent with each other."*

In *Lipe v. Trust Co., supra,* the plaintiff's action against the executors of the will of Alice J. Bost was to recover damages on account of the breach by said testatrix of her express agreement to compensate the plaintiff for services he had rendered to her over a period of years by making a will leaving all her property to him. The dispositive provisions of her will included a pecuniary bequest of $3,000.00 "to my nephew, Chas. H. Lipe." This Court held the pecuniary legacy did not constitute payment of the plaintiff's asserted claim. Specifically, a new trial was awarded the plaintiff on the ground the court's instruction to the effect any amount the plaintiff recovered in the action would be deducted from any amount he was entitled to under the will was erroneous. Although not referred to in the case as reported, the record on file in this Court shows the will contained the following provision: "I hereby declare and

direct that if any of the above named legatees, relatives, etc., contest, either directly or indirectly this my will, or try to break same, then their legacy is thereby forfeited, they losing all interest in my estate, inheriting nothing from me, their legacy to be distributed in the residuary."

In *Taylor v. Taylor, supra,* this Court quotes with approval excerpts from the opinions in *Lamb v. Lamb, supra,* and *Honeycutt v. Bank, supra..* In the factual situation considered, it was held the beneficiary was not put to an election.

In *Lovett v. Stone, supra,* a factual situation for application of the doctrine of election was presented. It was held that Hector Alexander Stone, notwithstanding he was the owner in fee of an undivided two-thirds' interest in a portion (20 acres) of the H. J. Stone tract, elected to limit his interest therein to a life estate by his acceptance, occupancy and use of the *entire* H. J. Stone tract devised to him by Alexander Stone, his grandfather, for life, with remainder in equal shares to his children in fee simple. Under these circumstances, he was required to elect whether he would stand on his rights or abide by the terms of his grandfather's will. See *Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45.

Notwithstanding the foregoing, the court erred in entering judgment that plaintiffs are entitled to receive from the executors "all sums devised and bequeathed to them under the terms of said will." Nothing in the record indicates the original or present status of the estate. There was no evidence or finding as to any matter germane to defendants' second further defense. Hence, the judgment of the court below is stricken and the cause is remanded for the entry of a *final* declaratory judgment adjudicating in substance that the institution of said prior action in behalf of the minor plaintiff is not a bar to the right of either plaintiff to receive the bequest made to her in Article VII. Thereafter, plaintiffs will be free to take appropriate action to recover their bequests.

It is ordered that the costs *incident to this appeal* be taxed one-half against plaintiffs and one-half against defendants.

Error and remanded.