FIRST-CITIZENS BANK & TRUST COMPANY, TRUSTEE UNDER THE
    WILL OF A. B. CURRIN V. HELLEN D. CURRIN CARR, BARBARA
    D. CURRIN SMETZER, AND CONTINGENT HEIRS-AT-LAW OF
    A. B. CURRIN, JR., DECEASED

No. 7111SC53

(Filed 31 March 1971)

1. **Parties § 3; Rules of Civil Procedure § 20— action to interpret testa-
   mentary trust — dismissal of action as to one trust beneficiary — harm-
   less error**
       In a trustee's action seeking an interpretation of a testamentary
   trust as to the manner and form of the distribution of land constitut-
   ing the trust corpus to testator's wife and daughter upon termination
   of the trust, the daughter was a permissive and necessary party, and
   while the trial court erred in allowing the daughter's motion to dis-
   miss the action as to her under G.S. 1A-1, Rule 41(b), such dismissal
   was not prejudicial to the wife. G.S. 1A-1, Rule 20.

2. **Appeal and Error § 47— burden of showing prejudicial error**
       In order to have a judgment set aside, the appellant must show
   that a ruling complained of is erroneous, that it was material and
   prejudicial, and that a different result likely would have ensued if it
   had not been for the error.

3. **Trusts § 10— termination of trust — distribution of trust real estate —
   conveyance of undivided interests — construction of trust**
       The trustee of a testamentary trust was authorized but not com-
   pelled under the terms of the trust to make an actual partition of
   lands comprising the trust corpus when, upon termination of the trust,
   it distributed a life estate in half the corpus to testator's wife and
   fee simple title in the other half to testator's daughter, and the trustee
   did not abuse its discretion in conveying undivided interests in the land
   to the wife and daughter.

4. **Trusts § 10— trustee's deed — sufficiency to convey interest conferred
   by trust**
       Deed tendered by trustee of a testamentary trust to testator's
   wife was a sufficient conveyance of the interest conferred on her by
   the terms of the trust.

Judge GRAHAM dissents.

APPEAL by defendant Hellen D. Currin Carr from *Canaday,
Superior Court Judge,* 1 August 1970 Session of Superior Court
held in HARNETT County.

The facts necessary for an understanding of this appeal
were stipulated as follows:

"1. First-Citizens Bank & Trust Company is a banking

corporation and is authorized to transact business as a fiduciary and trustee in the State of North Carolina.

2. Defendant Hellen D. Currin Carr is a citizen and resident of Harnett County, North Carolina.

3. Defendant Barbara D. Currin Smetzer is a citizen of the State of North Carolina.

4. Gerald Arnold is the duly appointed and acting Guardian *Ad Litem* of the contingent beneficiaries under the Last Will and Testament of A. B. Currin, Jr.

5. A. B. Currin, Jr., died on June 3, 1958, while a resident of the State of North Carolina.

6. 'Exhibit A' to the Complaint is a true and correct copy of the Last Will and Testament of A. B. Currin, Jr., Deceased, dated October 15, 1956, which was admitted for probate in the office of the Clerk of Superior Court of Harnett County, North Carolina as appears of record in Will Book 9, Page 245, on file in said Office.

7. First-Citizens Bank & Trust Company is the duly qualified executor of the Estate of A. B. Currin, Jr.

8. First-Citizens Bank & Trust Company is the duly qualified and acting trustee of the trust created under the provisions of the Last Will and Testament of A. B. Currin, Jr., Deceased, (which trust is referred to herein as the 'A. B. Currin Trust')

9. Defendant Hellen D. Currin Carr is the surviving spouse of A. B. Currin, Jr., Deceased.

10. Defendant Barbara D. Currin Smetzer is the surviving daughter of A. B. Currin, Jr., Deceased, and has reached the age of Thirty-five (35) years.

11. 'Exhibit B' to the Complaint is a true and correct copy of a Trustee's Deed, dated November 1, 1968, heretofore executed and delivered by First-Citizens Bank & Trust Company, as Trustee of the A. B. Currin Trust, to defendant Barbara D. Currin Smetzer. Such Trustee's Deed recites that it conveys to said defendant:

'(A) one-half undivided interest in and to those certain tracts or parcels of land situate in Black River Town-

ship, Johnsonville Township, and Neill's Creek Township, Harnett County, North Carolina, and White Oak Township, Wake County, North Carolina' (Five tracts of land are specifically described).

And the said Trustee's Deed further recites:

'To HAVE AND TO HOLD a one-half undivided interest in and to the aforesaid tracts or parcels of land together with all privileges and appurtenances thereunto belonging unto the party of the second part forever in as ample a manner as authorized by the terms of the Testamentary Trust established by the terms of the Last Will and Testament of A. B. Currin as it appears of record in Will Book 9, Page 245, in the Office of the Clerk of Superior Court of Harnett County.'

The said Trustee's Deed was accepted by the defendant Barbara D. Currin Smetzer.

12. 'Exhibit C' to the Complaint is a true and correct copy of a Bill of Sale, dated January 16, 1969, executed and delivered by First Citizens Bank & Trust Company, as Trustee of the A. B. Currin Trust, to defendant Barbara D. Currin Smetzer. Such Bill of Sale recites that the said Trustee quitclaims and conveys to Hellen D. Currin Carr and Barbara D. Currin Smetzer, as tenants in common, certain described farm machinery and equipment. The said Bill of Sale was accepted by the defendant Barbara D. Currin Smetzer. A separate Bill of Sale in form identical to that set forth under 'Exhibit C' to the Complaint was executed and tendered by the said Trustee to defendant Hellen D. Currin Carr and such tender was rejected by said defendant.

13. 'Exhibit D' to the Complaint is a true and correct copy of a Trustee's Deed, dated January 16, 1969, executed and tendered by First-Citizens Bank & Trust Company, as Trustee of the A. B. Currin Trust, to the defendant Hellen D. Currin Carr. Such Trustee's Deed recites that it conveys to said defendant:

'For and during the term of her natural life, but no longer, and upon her death to the heirs at law of A.B. Currin in fee simple absolute, a one-half undivided

interest in and to those certain tracts or parcels of land situate in Black River Township, Johnsonville Township, and Neill's Creek Township, Harnett County, North Carolina, and White Oak Township, Wake County, North Carolina' (The five tracts of land identified in the Trustee's Deed to defendant Barbara D. Currin Smetzer are specifically identified).

Such Trustee's Deed further recites:

'To HAVE AND TO HOLD a one-half undivided interest in and to the aforesaid tracts or parcels of land together with all privileges and appurtenances thereunto belonging unto the party of the second part for and during the term of her natural life, but no longer, and upon her death to the heirs at law of A. B. Currin in fee simple absolute in as ample a manner as authorized by the terms of the Testamentary Trust established by the terms of the Last Will and Testament of A. B. Currin as it appears of record in Will Book 9, Page 245, in the Office of the Clerk of Superior Court of Harnett County.'

The tender of said Trustee's Deed was, and all subsequent tenders of the said Trustee's Deed have been, rejected by the defendant Hellen D. Currin Carr.

14. The Defendant Hellen D. Currin Carr has made repeated demands of First-Citizens Bank & Trust Company, Trustee of the A. B. Currin Trust, that it make an actual partition and division of the five tracts of land described in the Trustee's Deed tendered by First-Citizens Bank & Trust Company, as Trustee under the A. B. Currin Trust, into two parts of equal value, and that the said Trustee execute and deliver to her a Trustee's Deed which would convey to her a life estate interest in the real estate allocated to one of such parts. The said Trustee has refused to make a partition or division of such real estate, and has further refused to execute and deliver to the defendant Hellen D. Currin Carr a Trustee's Deed for a life estate interest in any specific parcel or parcels of real estate owned by the A. B. Currin Trust.

15. Under the terms of the Last Will and Testament of A. B. Currin, Jr., deceased, it is provided that the A. B.

Currin Trust will terminate when the defendant Barbara D. Currin Smetzer becomes thirty-five (35) years of age. Under ITEM VIII First-Citizens Bank & Trust Company, as Trustee, shall distribute the trust property in accordance with the terms of the following provision:

> 'B. To my daughter, Barbara D. Currin, if she and my wife are both living upon the termination of this trust, one-half of said trust estate, absolutely and in fee simple, and the other one-half to my wife to be held and enjoyed by her as life tenant for and during the term of her natural life, but no longer, and upon her death the title to the property in which she has a life estate under the terms hereof shall pass to and vest in my heirs at law, absolutely and in fee simple, according to the North Carolina Statute of Descent and Distribution. It is my wish and desire (but my trustee shall not consider it mandatory) that my trustee shall, in distributing such trust assets between my wife and daughter, allot to my wife in her share as much of my real estate as my trustee shall deem practical and feasible and in no event shall the trustee allot to my wife less than one-half, in value, of the real estate then held in the trust estate.
>
> *    *    *
>
> 'D. In settling with any beneficiary hereunder the trustee may make such settlement in kind or in money, or partly in kind and partly in money. The trustee shall have the full power to determine the value of any property delivered to any beneficiary in making settlement of such beneficiary and the value of such property as fixed and determined by the trustee shall be conclusive and binding on all beneficiaries hereunder and shall not be subject to question by any person.'

16. At the termination of the A. B. Currin Trust on the date that Defendant Barbara D. Currin Smetzer reached the age of thirty-five (35) years, the five parcels of land described in the Trustee's Deed tendered to and rejected by the Defendant Hellen D. Currin Carr represented the corpus of said Trust.

The parties hereto, by and through their respective counsels of record, do hereby further stipulate that this cause be

construed as a petition for a declaration of rights under the Declaratory Judgment Act codified as General Statutes 1-253 regarding the interpretation of the Last Will and Testament of A. B. Currin, Jr., deceased, as to the duties and responsibilities of plaintiff First-Citizens Bank & Trust Company, as Trustee of the A. B. Currin Trust, in the manner and form of its distribution of the real estate owned by the said Trust to the defendants Hellen D. Currin Carr and Barbara D. Currin Smetzer.

And it is further stipulated that on the basis of the admissions in the pleadings, this Stipulation of counsel, and the argument of counsel, the Court shall be authorized to sign and enter an appropriate judgment thereon, out of term and out of the County and District in which this action is instituted.

It is understood and agreed that Barbara D. Currin Smetzer, by and through her attorney, W. A. Johnson, does not consent to the last two unnumbered paragraphs of Paragraph 16, but insists that the action as to her should be dismissed as prayed for in her answer."

After hearing the matter, Judge Canaday entered the following judgment:

"THIS CAUSE coming on to be heard before the Honorable Harry E. Canaday, on Saturday morning, August 1, 1970, by consent of all parties, and being heard upon the plaintiff's motion for summary judgment, upon the defendant's motion for summary judgment and upon stipulation of facts signed by counsel for all parties and it appearing to the Court and the Court finding as follows:

### FACTS

The facts in this case are as set forth in the Stipulation of Facts entered into by all parties and filed of record on July 31, 1970 in the Office of the Clerk of Superior Court of Harnett County.

### CONCLUSIONS OF LAW

1. That Item VIII B of the Last Will and Testament, which contains the Trust Agreement, does not require the trustee to make an actual partition of the lands held by the trust

between the surviving widow and the daughter of the testator. The testamentary trust only requires the trustee to convey an equal share to each beneficiary named in the trust agreement.

2. That the deed to Barbara D. Currin Smetzer, attached to the Complaint and marked Exhibit 'B', and the deed to Hellen D. Currin Carr, attached to the Complaint and marked Exhibit 'D', comply with all the terms of the Trust Agreement. The trustee has discharged its duty as to the real estate by the execution and delivery of the deeds to the beneficiaries named in Item VIII B of the Trust.

3. That the Bill of Sale for the personal property owned by the trust and purchased from the income of the trust should be distributed to Barbara D. Currin Smetzer and Hellen D. Currin Carr as tenants in common, each owning a one-half undivided interest; that the Bill of Sale attached to the Complaint, marked Exhibit 'C', is a proper instrument for the trustee to distribute the personal property owned by the trust.

4. That the trustee is entitled to record the deed heretofore tendered to Hellen D. Currin Carr and to forthwith proceed to disburse all of the assets of the trust estate and to file a final account terminating the trust.

IT IS THEREUPON ORDERED, ADJUDGED AND DECREED as follows:

1. First-Citizens Bank & Trust Company, Trustee under the will of A. B. Currin, shall forthwith record the deed to Hellen D. Currin Carr, copy of which is attached to the Complaint as Exhibit 'C', in the Register of Deeds Office of Harnett County.

2. That First-Citizens Bank & Trust Company, Trustee under the Will of A. B. Currin, shall immediately disburse all assets of the estate to the beneficiaries named in the trust and file its final account with the Court as provided by law.

3. That upon completion of its duties imposed by paragraphs 1 and 2 above the trustee shall be discharged from any further duties as trustee under trust established by the Last Will and Testament of A. B. Currin, deceased."

From the judgment entered, Mrs. Carr appealed.

*Edgar R. Bain for plaintiff appellee.*

*Poyner, Geraghty, Hartsfield & Townsend by Arch E. Lynch, Jr., for defendant appellant, Hellen D. Currin Carr.*

MALLARD, Chief Judge.

Upon motion of Barbara D. Currin Smetzer (Mrs. Smetzer), under Rule 41(b) of the Rules of Civil Procedure and after the hearing, Judge Canaday dismissed the action as to her with prejudice by order dated 1 August 1970 and filed 21 August 1970. Appellant, Hellen D. Currin Carr (Mrs. Carr), contends that this was error.

[1] The trust created under the terms of the last will and testament of A. B. Currin, Jr., was to terminate when Mrs. Smetzer reached 35 years of age. Mrs. Carr and Mrs. Smetzer (wife and daughter, respectively of A. B. Currin, Jr., deceased) were the main beneficiaries under the trust. It was alleged by plaintiff trustee and stipulated by the parties that Mrs. Smetzer had reached the age of 35 years. Questions of law and fact were raised by the complaint which were common to all of the named defendants. When the facts alleged and stipulated are considered together, a justiciable controversy is asserted between the parties. Rule 20 of the Rules of Civil Procedure. See also McIntosh, N. C. Practice 2d, § 650; *Haley v. Pickelsimer,* 261 N.C. 293, 134 S.E. 2d 697 (1964). When liberally construed, we hold that the complaint in this case alleges that Mrs. Smetzer's legal relation to the trust estate was involved and that she was a permissive and necessary party in this action seeking an interpretation of the testamentary trust involved herein. *Insurance Co. v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654 (1964); *Trust Co. v. Barnes,* 257 N.C. 274, 125 S.E. 2d 437 (1962); *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404 (1949). The trial judge committed error in allowing the motion of Mrs. Smetzer to dismiss the action as to her under Rule 41(b) of the Rules of Civil Procedure. However, Mrs. Smetzer did not and could not properly contend under the doctrine of invited error that the court committed error in granting her motion. 1 Strong, N. C. Index 2d, Appeal and Error, §§ 7, 52.

[1, 2] Mrs. Carr appealed and assigned this dismissal as error but in her brief does not indicate how this error on the part of

the trial judge was prejudicial to her. Judgments are not set aside for mere error. The appellant must show that the ruling complained of is erroneous, that it was material and prejudicial, and that a different result likely would have ensued if it had not been for the error. *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482 (1958). "The burden is upon appellant to show error amounting to a denial of some substantial right." *Rubber Company v. Distributors, Inc.,* 256 N.C. 561, 124 S.E. 2d 508 (1962). We hold that the error in dismissing the action as to Mrs. Smetzer was not prejudicial to Mrs. Carr.

[3] Mrs. Carr contends that under the trust the trustee was bound to make an actual partition in distribution of the five tracts of real estate comprising the trust corpus between Mrs. Carr and Mrs. Smetzer. In Item Five of the will, the powers and authority of the trustee were set out in detail. Subsection (n) of Section 1 of Item Five of the will is pertinent and reads as follows:

"(n) To divide and allot the trust estate in accordance with the terms of this agreement either in kind or in money or partly in kind and partly in money and to *include undivided interests in the property so devised or allotted,* and the judgment of the Trustee concerning the relative values of the properties so divided or allotted shall be final and conclusive upon all persons interest in the trust estate." (Emphasis added.)

The trustee did not make an actual partition of the lands but included undivided interests in the property allotted. From the language used in the trust, we hold that the trustee was authorized but not compelled to make an actual partition. An abuse of discretion on the part of the trustee is not shown on this record. *Kuykendall v. Proctor,* 270 N.C. 510, 155 S.E. 2d 293 (1967); *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951).

[4] Mrs. Carr also contends that the deed tendered to her by the trustee was not a sufficient conveyance of the interest conferred by the terms of the trust. We do not agree.

The result is that the order dated 1 August 1970, filed 21 August 1970, allowing Mrs. Smetzer's motion to dismiss as to her is reversed, and the judgment herein dated 1 August 1970, filed 11 September 1970, is affirmed.

Affirmed.

Judge PARKER concurs.

Judge GRAHAM dissents.