SAMUEL PAUL HILL AND JESSIE H. MORTON, ET AL., CAVEATORS v. MARY LARGEN COX, IDELL LARGEN BAKER, ET AL., PROPOUNDERS

SAMUEL PAUL HILL, PLAINTIFF v. IDELL BAKER, ADMINISTRATRIX CTS OF THE ESTATE OF MAYOLA T. HILL LARGEN, ERNEST COX, EXECUTOR OF THE ESTATE OF HOBERT LARGEN, MARY LARGEN COX, ET AL., DEFENDANTS

SAMUEL PAUL HILL, PLAINTIFF v. ROBERT EARL BAKER, IDELL BAKER, ET AL., DEFENDANTS

Nos. 9118SC1041
9218SC152

(Filed 5 January 1993)

1. **Wills § 25 (NCI3d)— caveat proceeding—two attorneys representing different groups—denial of fees to one attorney— abuse of discretion**

Where the trial court permitted an attorney to withdraw as counsel for certain caveators, these caveators retained a second attorney to represent them, both attorneys actively participated in the trial as counsel for different groups of caveators, the jury found that the will was valid, and the trial court implicitly found that the caveat proceeding had substantial merit by awarding fees to the original attorney, the trial court abused its discretion by summarily denying the second attorney's petition for fees and expenses. N.C.G.S. § 6-21(2).

**Am Jur 2d, Costs §§ 72 et seq.**

2. **Constitutional Law § 119 (NCI4th)— trial court's daily prayer— constitutional violation—harmlessness—no expression of opinion**

Assuming arguendo that the jury in a caveat proceeding was present for the trial court's daily prayer "that what we do might be equitable to our fellow man," any violation of the Establishment Clause of the First Amendment and the "secular neutrality toward religion" mandate of Art. I, § 13 of the N.C. Constitution was harmless where the trial court instructed the jury that it had no opinion as to how the case should be decided and there is no indication that the integrity of the verdict was compromised. Furthermore, the trial court's prayer did not constitute an expression of opinion that the

HILL v. COX

[108 N.C. App. 454 (1993)]

jury should render an equitable verdict to the exclusion of applicable legal principles.

Am Jur 2d, Appeal and Error § 776; Constitutional Law §§ 466, 477, 485; Trial § 1077.

3. Wills § 21.4 (NCI3d) — caveat proceeding — undue influence — denial of directed verdict

There was sufficient evidence in a caveat proceeding rebutting the presumption of undue influence raised by the fiduciary relationship between testator and testator's stepfather and beneficiary under his will to support the trial court's denial of the caveators' motion for a directed verdict.

Am Jur 2d, Wills §§ 425, 428, 439, 491.

Presumption or inference of undue influence from testamentary gift to relative, friend, or associate of person preparing will or procuring its execution. 13 ALR3d 381.

4. Wills § 23 (NCI3d) — caveat proceeding — testamentary capacity — reasonableness of disposition — failure to give requested instruction — no prejudicial error

The trial court did not err in failing to give the caveators' requested instruction that the jury should disregard the reasonableness of the disposition if it found that testator lacked testamentary capacity where the trial court gave the pattern instruction that the jury should disregard the unreasonableness of the disposition if it found that testator had testamentary capacity and further instructed that evidence of the reasonableness of the disposition was relevant only to the extent that it related to testator's testamentary capacity. Although the requested instruction may have been preferred since there was evidence of a close, fiduciary relationship between testator and his beneficiary and the jury could have found a reasonable disposition, the court's charge as a whole was supported by the evidence and fairly presented the law applicable to the case.

Am Jur 2d, Wills § 494.

5. Wills § 25 (NCI3d) — statements by court — no attorney fees for appeal — absence of prejudice

Caveators were not prejudiced by the trial court's statements that no attorney fees would be paid from the estate

HILL v. COX

[108 N.C. App. 454 (1993)]

for an appeal where these remarks were made subsequent to the court's ruling on post-verdict motions, and caveators did in fact appeal. Upon remand, the trial court may consider further requests for fees incurred as a result of this appeal.

**Am Jur 2d, Appeal and Error § 776; Costs §§ 72 et seq.**

Appeal by caveators from judgment entered 29 April 1991 by Judge James C. Davis in Guilford County Superior Court. Heard in the Court of Appeals 17 November 1992.

William Ernest Bynum Hill ("Bynum Hill"), a resident of Guilford County, died on 28 January 1989. At the time of his death he had no wife and no children and was the only child of William Ernest Hill and Mayola Hill Largen. When his father died intestate, Bynum Hill inherited a 205 acre tract of land in Randolph County, North Carolina. Subsequently, his mother married Hobert Largen, who had two daughters by a previous marriage, Idell Largen Baker and Mary Largen Cox.

Bynum Hill's mother died on 14 June 1988. Following her death, Bynum's stepfather, Hobert Largen, and his stepsister, Mary Cox, consulted attorney James L. Tennant. At that meeting, Hobert indicated that he wanted a will. On 22 June 1988, Bynum accompanied Hobert to Mr. Tennant's office and, in Bynum's presence, Mr. Tennant and Hobert discussed the property owned by Hobert and its disposition if Hobert died intestate. Bynum thereby stated that he wanted a will and, when asked by Mr. Tennant, indicated that at his death he wished all of his property to go to Hobert. There was evidence that Bynum further indicated that he did not want his property to pass to the heirs of his deceased mother and father, as it would if he were to die intestate, and that, in the event Hobert predeceased Bynum, Bynum wanted his property to be disposed of under the same terms as those contained in Hobert's will, such that everything would pass to his stepsisters Mary Cox and Idell Baker. Hobert Largen's will made no provision for Bynum.

Two days later, Hobert and Bynum returned to Mr. Tennant's office to execute their wills. There was evidence that Mr. Tennant read through each will "word for word" and explained the property dispositions under them. Hobert and Bynum affixed their signatures to their respective wills, and Mr. Tennant and his paralegal signed as witnesses. Mr. Tennant then told Bynum that he was being

placed under oath, that he was swearing that this document was his last will, that he was over eighteen years of age, that he was of sound mind, and that he was not being unduly influenced, to which Bynum nodded his head "yes."

Bynum Hill was classified as moderately mentally retarded with an I.Q. of 51. He also suffered from schizophrenia and a speech impediment. Treatment for his schizophrenia often required the use of antipsychotic medication and hospitalization. There was evidence that he could not read or write but could sign his name, although he more often made his mark with an "X." He could not prepare his own meals and was never publicly employed. Bynum lived with his mother throughout his life and then with Hobert when she remarried. There was evidence that Hobert and Bynum were constant companions, and Hobert was the designated payee of Bynum's social security benefits.

Additional evidence showed that Bynum had his own money which he carried in a billfold and a change purse, and that he had saved cash in excess of $1,400 at his death. There was testimony that he could go into a store, pick out what he wanted, pay with the right change or pay more than was owed and know how much change was due. He voluntarily used $1,000 of his own money for his mother's funeral expenses. There was evidence that Bynum was capable of performing numerous tasks and had certain responsibilities on the farm. There was also evidence that Bynum had a close relationship with his stepsisters.

The paper writing dated 24 June 1988 and purporting to be the Last Will and Testament of Bynum Hill was offered for probate to the clerk of Guilford County on 4 April 1989. This document named the propounders Mary Largen Cox and Idell Largen Baker, Bynum's stepsisters, as persons entitled to share in the estate.

On 11 April 1989 a caveat proceeding was commenced naming the majority of the heirs at law as caveators. By this action, the caveators sought to set aside and declare null and void the purported will on the grounds of undue influence and lack of testamentary capacity. The propounders sought dismissal of the caveat and entry of judgment declaring the document to be in each and every part the Last Will and Testament of Bynum Hill.

At the commencement of this action, Bobby J. Crumley was listed as the attorney of record for the named caveators. Mr. Crumley

HILL v. COX

[108 N.C. App. 454 (1993)]

served as attorney for all caveators until 29 October 1990, when he was allowed by order of the court to withdraw as counsel for three of the caveators. Thereafter, on 7 January 1991, the law firm of Wyatt, Early, Harris, Wheeler & Hauser (hereinafter "law firm") gave written notice of appearance in this action on behalf of caveators Archie Samuel Hill, Judy L. Hill, S.P. Hill, Robert Jackson Hill, Horace J. Tuttle, Ivery Elizabeth Idol, Donald R. Watson, Jan W. Abbassi, Thurman G. Truett, Richard Dean Watson, Lawrence Watson, Alice C. Spencer, Robie Gray Tuttle and wife, Macie Tuttle. Three of these persons were represented by Mr. Crumley prior to his withdrawal, and five other of these individuals were represented by Mr. Crumley when the caveat was filed. Mr. Crumley continued to represent all other caveators. Throughout these proceedings, the propounders were represented by John Haworth.

On 17 December 1990 Mr. Crumley filed a motion for interim attorney fees and later an affidavit of counsel to support his fee request. That same day, Mr. Haworth filed an application for interim allowance of attorney fees and expenses on behalf of the propounders. By order filed 15 January 1991 the trial court allowed interim attorney fees and expenses for Mr. Crumley in the amount of $17,175.48. Mr. Haworth was allowed interim fees in the amount of $25,218.75 plus expenses in the amount of $1,880.91 on 18 January 1991.

At trial, Mr. Hundley of the law firm appeared on behalf of the caveators it represented and actively participated as co-counsel with Mr. Crumley. Upon submission of the issues based upon the evidence, the jury found that there was a valid will and that the testator had sufficient mental capacity and was not unduly influenced. Following trial, on 22 April 1991, Mr. Crumley filed a motion for attorney fees and supporting affidavit. On 26 April 1991, the law firm filed a petition for approval and award of legal expenses on behalf of the caveators. Mr. Haworth also filed an application for attorney fees on 26 April 1991.

Subsequently, Mr. Crumley's motion was granted and he was awarded additional fees and expenses in the sum of $17,291.60. Mr. Haworth was also allowed additional fees and expenses in the amount of $12,272.50. However, the trial court denied the law firm's petition for fees and expenses on behalf of the caveators.

**HILL v. COX**

[108 N.C. App. 454 (1993)]

*Wyatt, Early, Harris, Wheeler & Hauser, by James R. Hundley, for caveators appellants.*

*Turner, Enochs & Lloyd, P.A., by Peter Chastain and S. Rebecca Bowen, for caveators appellants.*

*Haworth, Riggs, Kuhn and Haworth, by John Haworth, for propounders appellees.*

WALKER, Judge.

I.

[1] In the first action before this Court, the law firm, on behalf of those caveators it represented, alleges that the trial court abused its discretion by denying their petition for approval and award of legal expenses filed on 26 April 1991. They argue that the caveat proceeding had substantial merit, and the trial court's decision to deny them reasonable fees was arbitrary and unreasonable. We agree.

N.C.G.S. § 6-21(2) authorizes the trial court, in its discretion, to allow attorney fees to counsel for unsuccessful caveators where the proceeding has substantial merit. The purpose of this statute is to insure that parties with meritorious challenges to a will or trust agreement are not discouraged from bringing those claims by the prospect of incurring legal fees. *In re Kirkman*, 302 N.C. 164, 273 S.E.2d 712 (1981). In the absence of abuse or arbitrariness, a discretionary order of the trial court in this regard is conclusive on appeal. *State Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E.2d 22 (1967).

At the outset, we conclude that the trial court implicitly found that the caveat proceeding had substantial merit in allowing and awarding Mr. Crumley's application for attorney fees. The trial court also recognized the merit of the claims asserted in stating: "I know that they [the jury] could have gone one way or they could have gone the other based upon the evidence that was presented and whichever way they went in this case they had a good reason to go whichever way they went."

Additionally, there was evidence that the law firm performed substantial services on behalf of the caveators it represented. Mr. Hundley was introduced to the jury as counsel for caveators and actively participated as such throughout trial. He cross-examined

seven witnesses for the propounders, and conducted the examination of nine of the fourteen witnesses, as well as two of the three rebuttal witnesses, called by all of the caveators. He attended and participated in the jury charge conference and made a closing argument on behalf of caveators. He also argued several motions to the court. At the conclusion of the trial, the court recognized the parties were competently represented by the three attorneys and acknowledged that the case was extremely difficult but had been exceptionally well tried. The court praised the attorneys for their knowledge of the case, the law, and the manner in which they participated in the trial.

As previously noted from the record, the trial court permitted Mr. Crumley to withdraw as counsel of record for certain caveators on 29 October 1990. Implicit in that decision was permission for these caveators to retain their own counsel. Therefore, if at the outset of the trial of this cause, the court determined that there was duplicity on the part of all counsel in its representation of the caveators, then the caveators should have been apprised that such a determination by the trial court might result in the denial of attorney fees pursuant to N.C.G.S. § 6-21(2), rather than for the trial court to summarily deny the law firm's request for fees at the conclusion of this matter.

For the aforementioned reasons, we find that the trial court was correct in its decision to award attorney fees pursuant to N.C.G.S. § 6-21(2). However, the trial court manifested an abuse of discretion in summarily denying caveators' petition for approval and award of legal expenses by Mr. Hundley and the law firm. We therefore reverse the trial court's denial of the law firm's petition for attorney fees and expenses entered 29 April 1991 and remand this case to the trial court for further hearing on the issue of caveators' attorney fees and expenses.

## II.

By their second action, caveators contend: (1) the trial court violated the First Amendment by praying upon the opening of each morning session of court; (2) the trial court's daily prayer was an improper expression of opinion which violated Rule 51(a); (3) the trial court erred in denying caveators' motion for a directed verdict and judgment notwithstanding the verdict based upon the failure of the propounders to present sufficient evidence to rebut the presumption of undue influence raised by the fiduciary relation-

ship; (4) the trial court erred in failing to instruct the jury that they could find that the testator's disposition was fair, reasonable and just, but could fail for lack of testamentary capacity; and (5) the trial court abused its discretion by ruling peremptorily that no attorneys' fees would be awarded to the caveators in the event they chose to appeal. Caveators thereby assert that they are entitled to a new trial.

[2] In their first and second assignments of error, caveators take exception to the daily prayer offered by the trial court at the beginning of each court session. Specifically, the trial court asked all individuals in the courtroom to join him "as we invoke the blessing of the Almighty that what we do this date might be guided by his hand and further that what we do might be equitable to our fellow man." Caveators argue that the prayer violated the First Amendment and the Establishment Clause of the United States Constitution because the purpose of the prayer was religious, it advanced religion, and it fostered excessive government entanglement with religion, thereby failing the three-part test set forth in *Lemon v. Kurtzman*, 403 U.S. 602, 29 L.Ed.2d 745, *reh'g denied*, 404 U.S. 876, 30 L.Ed.2d 123 (1971). Additionally, they claim this prayer violated Article I, Section 13 of the North Carolina Constitution and the constitutional mandate of "secular neutrality toward religion." *Heritage Village Church and Missionary Fellowship, Inc. v. State*, 299 N.C. 399, 406, 263 S.E.2d 726, 730 (1980). Caveators also contend this prayer was an impermissible expression of opinion, in violation of Rule 51(a), which unduly emphasized the jury's need to render an equitable judgment to the exclusion of applicable legal principles.

The Establishment Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." As applied to the states through the Fourteenth Amendment, the First Amendment "also restricts action by state governments and the servants, agents and agencies, of state governments." *North Carolina Civil Liberties Union v. Constangy*, 751 F.Supp. 552, 553 (W.D.N.C. 1990), *aff'd*, 947 F.2d 1145 (4th Cir. 1991). (Emphasis omitted.) We decline to discuss the merits of caveators' argument, however, on the ground that "[e]very violation of a constitutional right is not prejudicial. Some constitutional errors are deemed harmless in the setting of a particular case, . . . where the appellate court can declare a belief that it was harmless beyond a reasonable doubt." *State v.*

HILL v. COX

[108 N.C. App. 454 (1993)]

*Taylor*, 280 N.C. 273, 280, 185 S.E.2d 677, 682 (1972); *State v. Payne*, 320 N.C. 138, 357 S.E.2d 612 (1987).

From a review of the record, we cannot conclude that the daily prayer prejudiced the caveators such that a different result would likely have been reached absent the prayer. *Glenn v. City of Raleigh*, 248 N.C. 378, 103 S.E.2d 482 (1958); *First-Citizens Bank & Trust Company v. Carr*, 10 N.C.App. 610, 179 S.E.2d 838, *modified on other grounds*, 279 N.C. 539, 184 S.E.2d 268 (1971). There is no evidence that the jury was present at the time the trial court recited the prayer. Assuming *arguendo* that the jury was present, we do not construe the trial court's prayer "that what we do might be equitable to our fellow man" as an implicit directive to the jurors to disregard legal principles and the explicit instructions of the trial court. Instead, the trial court instructed the jury that it had no opinion as to how the case should be decided. N.C.P.I. 150.20. It is our opinion, therefore, that any error which may have occurred within the context of the court's prayer would have been cured by the trial court's instructions, and there is no indication that the integrity of the verdict was compromised. Having found no prejudice, we conclude that any constitutional violation which might have occurred was harmless beyond a reasonable doubt. Furthermore, absent caveators' showing of prejudice, we cannot conclude that the trial court's prayer amounted to an impermissible expression of opinion in violation of Rule 51(a).

[3] Caveators next contend that the trial court erred in denying their motion for a directed verdict and judgment notwithstanding the verdict on the grounds that there was insufficient evidence to rebut the presumption of undue influence raised by the fiduciary relationship between the testator and Hobert Largen, the testator's stepfather and beneficiary under testator's will. A motion for judgment notwithstanding the verdict is technically a renewal of the directed verdict motion, such that our standard of review is the same for both. *Dotson v. Payne*, 71 N.C.App. 691, 323 S.E.2d 362 (1984). *In re Andrews*, 299 N.C. 52, 261 S.E.2d 198 (1980). We must therefore determine whether the evidence, taken in the light most favorable to the propounders, was sufficient for submission of the case to the jury. *Id.* Having reviewed the record and the transcripts covering ten days of trial, numerous exhibits, and the testimony of more than thirty-five witnesses, we find that there was sufficient evidence to support the trial court's determination and therefore find no error.

[4] Additionally, caveators argue that the trial court erred in failing to instruct the jury that they could find that the testator's disposition was fair, reasonable and just, but could fail for lack of testamentary capacity. In instructing the jury on the issue of testamentary capacity, the trial court followed the pattern jury instructions and stated:

> [I]f you find that the testator made an unreasonable or unfair or unjust disposition, but are satisfied that he had testamentary capacity, then you would disregard the unreasonableness or unfairness or injustice of the disposition.

Caveators except to this charge on the ground that the jury could have concluded that the disposition in the testator's will was reasonable based upon the evidentiary showing of the extremely close, confidential relationship which existed between the testator and his stepfather. The reasonableness and fairness of his disposition would be irrelevant, however, if the testator lacked testamentary capacity. Caveators thereby contend that the evidence in this case required the trial court to submit the following instruction:

> If you find that the testator made a reasonable or fair or just disposition, but are satisfied that he lacked testamentary capacity, then you would disregard the reasonableness or fairness or justice of the disposition.

Clearly, it is incumbent upon the trial court to instruct the jury on the law as it applies to the substantive features of the case arising from the evidence. *Millis Construction Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C.App. 506, 358 S.E.2d 566 (1987). While we do not disagree with caveators that their requested charge is a preferred instruction on this aspect of the law, we cannot conclude that prejudicial error resulted from the instruction given. The trial court's instructions to the jury, when challenged for error, must be considered contextually. *In re Worrell*, 35 N.C.App. 278, 241 S.E.2d 343, *disc. review denied*, 295 N.C. 90, 244 S.E.2d 263 (1978). In the instant case, the trial court charged that evidence of the reasonableness of the property disposition was relevant only to the extent that it related to the testator's testamentary capacity. The court stated:

> Now, in passing upon testamentary capacity, you may, in the light of all the evidence as to his circumstances, consider the reasonableness or unreasonableness, the fairness or unfair-

ness, and the justice or injustice of the disposition of the property disposed of in the paper writing. But you may consider these things only as they bear upon the question of his mental condition.

Thus, when considered as a whole, we find that the court's charge was supported by the evidence and fairly presented the law applicable to the case.

[5] By caveators' final assignment of error, they allege that the trial court abused its discretion by ruling peremptorily that no attorney fees would be awarded to the caveators in the event they chose to appeal. Specifically, caveators object to the court's comments following its ruling on post-verdict motions that:

If any appeals are filed in this case, there will be no attorney's fees provided for anybody. Anybody that appeals the case, there will be no fees paid from the estate. They will be paid by those people who may appeal.

. . . .

Now, from this point on there will be no attorney's fees paid from the estate. Only from the people who hire you to appeal, if in fact you do appeal. And I think that needs to be known at this particular point and not some point down the line.

Caveators argue that the trial court's refusal to exercise its discretionary power to award attorney fees pursuant to N.C.G.S. § 6-21(2) was arbitrary, unreasonable, and constituted an abuse of discretion. They submit that these statements implied that the court found no substantial merit to any of caveators' grounds for appeal, and may also have had a coercive effect on the parties' exercise of their rights to appeal.

As to this assignment of error, we cannot conclude that caveators were prejudiced. These remarks were made subsequent to the verdict and the court's ruling on post-verdict motions. Furthermore, it does not appear that the court's comments had a chilling effect in light of the appeal now before this Court. The trial court will not be precluded, upon remand, from considering further requests for fees incurred by the parties as a result of this appeal.

As to the trial of this caveat to the will of Bynum Hill, we find NO ERROR in the judgment of the trial court. REVERSED and

REMANDED for further proceedings as to attorneys' fees in this case including the appeal.

Judges COZORT and GREENE concur.