**KELLY v. RILEY**

[223 N.C. App. 261 (2012)]

JUSTIN SHERRILL KELLY, Petitioner v. D. BRAD RILEY, in his official capacity as SHERIFF OF CABARRUS COUNTY, Respondent

No. COA12-273

(Filed 6 November 2012)

**1. Firearms and Other Weapons—concealed handgun permit renewal—applicable statutory provisions—petitioner failed to meet requirements**

The trial court did not apply the wrong statutory provisions in upholding the sheriff's denial of petitioner's 19 January 2011 application for a concealed handgun permit. N.C.G.S. § 14-415.18(a) is only applicable to nonrenewals in the context of establishing the procedure for an appeal to the district court and N.C.G.S. § 14-415.16 specifically governs renewal of a concealed handgun permit. Petitioner did not meet the requirements of N.C.G.S. § 14-415.12 and, as a result, was not entitled to a renewal of his permit under N.C.G.S. § 14-415.16.

**2. Constitutional Law—Second Amendment—concealed handgun permit—not within scope**

Petitioner's right to carry a concealed handgun did not fall within the scope of the Second Amendment and N.C.G.S. § 14-415.12 was constitutional as applied to defendant.

Appeal by petitioner from order entered 15 November 2011 by Judge Martin B. McGee in Cabarrus County District Court. Heard in the Court of Appeals 12 September 2012.

*Diener Law, by Cynthia E. Everson, for petitioner-appellant.*

*Cabarrus County Attorney Richard M. Koch, for respondent-appellee.*

CALABRIA, Judge.

Justin Sherrill Kelly ("petitioner") appeals from a District Court order affirming D. Brad Riley's decision while serving in his official capacity as Sheriff of Cabarrus County ("respondent"). Respondent denied petitioner's application for a concealed handgun permit. We affirm.

## I. Background

On 24 October 2005, petitioner sought a concealed handgun permit. In North Carolina, applicants for concealed handgun permits are required to answer a number of questions. Question number nine on petitioner's application was, "Have you ever been adjudicated guilty . . . for one or more crimes of violence constituting a misdemeanor, including but not limited to, a violation of the disqualifying criminal offenses listed on the reverse side of" the form. There were twenty-five disqualifying criminal offenses on the list. The last one on the list stated "[a]ny crime of violence found in Article 14 in the North Carolina General Statutes." Petitioner responded to the question by answering, "no," even though he had been convicted of assault on a female in May 2001, which was a misdemeanor under Article 8 of Chapter 14 in the North Carolina General Statutes. After petitioner completed the application, he submitted it to respondent. When respondent reviewed petitioner's application, he was unaware of petitioner's 2001 assault conviction and issued petitioner a concealed handgun permit.

Petitioner's initial concealed handgun permit had expired on 21 November 2010. On 19 January 2011, petitioner submitted another application and was again required to answer questions. The list on the back of the application had been revised since his initial application in 2005. Number twenty-five on the revised list of disqualifying criminal offenses read, "Assaults [Article 8 of Chapter 14 of the General Statutes]." Petitioner answered "no" to the same question on the front of the application that he had answered on the previous one. The question was whether he had ever "been adjudicated guilty . . . for one or more crimes of violence constituting a misdemeanor, including, but not limited to, a violation of the disqualifying criminal offenses listed on the reverse side of" the form. On 20 January 2011, respondent notified petitioner that he was ineligible for a permit and his application for renewal had been denied pursuant to N.C. Gen. Stat. § 14-415.12(b)(8). According to respondent, petitioner's previous conviction for assault on a female in violation of N.C. Gen. Stat. § 14-33(c)(2) from 14 May 2001 disqualified him from having a concealed handgun permit.

On 1 April 2011, petitioner filed a petition for judicial review alleging that the Sheriff's Department of Cabarrus County refused to issue a concealed handgun permit because an incorrect statute was applied in reviewing his application for renewal of a concealed hand-

gun permit. Specifically, petitioner alleged that his application was denied without a hearing and for a reason other than those stated in N.C. Gen. Stat. § 14-415.18. Petitioner also alleged that the Concealed Handgun Permit Act was unconstitutional as applied to him. On 30 August 2011, after determining the Sheriff's Department of Cabarrus County was not the real party in interest, respondent was substituted for the Sheriff's Department of Cabarrus County.

On 15 November 2011, after a hearing in Cabarrus County District Court, the trial court concluded that petitioner did not qualify for a concealed handgun permit because his prior conviction for assault on a female. Therefore, the trial court affirmed respondent's decision to deny petitioner a concealed handgun permit. However, the trial court did not rule on the constitutionality of the statute, but found that petitioner preserved that issue for appellate review. Petitioner appeals.

## II.  Application for a Concealed Handgun Permit

In North Carolina, Article 54B of Chapter 14 of the General Statutes provides the requirements for an individual to qualify for a concealed handgun permit. First, an application is submitted to the sheriff. If the individual qualifies for a permit based upon the criteria in N.C. Gen. Stat. § 14-415.12, then the sheriff "shall issue a permit to carry a concealed handgun . . . " and "[t]he permit shall be valid throughout the State for a period of five years from the date of issuance." N.C. Gen. Stat. § 14-415.11 (2011). The sheriff, however,

shall deny a permit to an applicant who

. . .

> (8) Is or has been adjudicated guilty of . . . one or more crimes of violence constituting a misdemeanor, including but not limited to, a violation of a misdemeanor under Article 8 of Chapter 14 of the General Statutes.

N.C. Gen. Stat. § 14-415.12(b)(8) (2011).

An individual seeking to renew a concealed handgun permit must sign an "affidavit stating that the permittee remains qualified under the criteria provided in this Article . . . ." N.C. Gen. Stat. § 14-415.16(b) (2011). Notwithstanding the applicant's affidavit, the sheriff is still required to make an independent determination regarding whether "the permittee remains qualified to hold a permit in accordance with the provisions of G.S. 14-415.12." N.C. Gen. Stat. § 14-415.16(c) (2011). The sheriff is required to renew the permit only "if the per-

mittee remains qualified to have a permit under G.S. 14-415.12." N.C. Gen. Stat. § 14-415.16(c) (2011).

Thus, both initial and renewal applications require the sheriff to determine whether an applicant has violated any of the disqualifying criminal offenses under N.C. Gen. Stat. § 14-415.12. Specifically, if the applicant has been adjudicated guilty of a disqualifying criminal offense, the applicant is barred from issuance of a permit under the provisions of N.C. Gen. Stat. § 14-415.12(b), and the sheriff is required to deny their application regardless of whether the applicant is seeking a new permit or a renewal permit.

### III. Denial of Application for Concealed Handgun Permit

**[1]** Petitioner contends that the trial court applied the wrong statutory provisions in upholding the sheriff's denial of petitioner's 19 January 2011 application for a concealed handgun permit. We disagree.

"Issues of statutory construction are questions of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). Petitioner contends that his renewal application was governed by N.C. Gen. Stat. § 14-415.18. This statute, entitled "Revocation or suspension of permit," states, in relevant part:

(a) The sheriff of the county where the permit was issued or the sheriff of the county where the person resides may revoke a permit subsequent to a hearing for any of the following reasons:

(1) Fraud or intentional or material misrepresentation in the obtaining of a permit.

(2) Misuse of a permit, including lending or giving a permit to another person, duplicating a permit, or using a permit with the intent to unlawfully cause harm to a person or property.

(3) The doing of an act or existence of a condition which would have been grounds for the denial of the permit by the sheriff.

(4) The violation of any of the terms of this Article.

(5) The applicant is adjudicated guilty of or receives a prayer for judgment continued for a crime which would have disqualified the applicant from initially receiving a permit.

A permittee may appeal the revocation, or nonrenewal of a permit by petitioning a district court judge of the district in which the applicant resides. The determination by the court, on appeal,

shall be upon the facts, the law, and the reasonableness of the sheriff's refusal.

N.C. Gen. Stat. § 14-415.18(a) (2009).

Petitioner seizes on the word "nonrenewal" in the final paragraph of the statute to argue that the preceding language in the statute should also be read to apply to nonrenewals. Based upon this interpretation, petitioner argues that (1) he was entitled to a hearing before respondent denied his renewal application; and (2) respondent could only deny his application based upon one of the five reasons listed in N.C. Gen. Stat. § 14-415.18(a).

Petitioner is mistaken. The plain language of N.C. Gen. Stat. § 14-415.18(a) makes clear that the initial portions of the statute upon which petitioner relies only apply when the sheriff "revoke[s] a permit. . . ." *Id.* The word "nonrenewal" appears only in the last section of N.C. Gen. Stat. § 14-415.18(a), in a paragraph which explains how a permittee may appeal *either* a revocation or a nonrenewal to a district court judge. Accordingly, N.C. Gen. Stat. § 14-415.18(a) is only applicable to nonrenewals in the context of establishing the procedure for an appeal to the district court.

Moreover, petitioner's argument completely ignores N.C. Gen. Stat. § 14-415.16, which specifically governs "[r]enewal of [a concealed handgun] permit." That statute does not require a hearing prior to the nonrenewal of an applicant's concealed handgun permit. Instead, the statute provides that a concealed handgun permit should only be renewed "if the permittee remains qualified to have a permit under G.S. 14-415.12." N.C. Gen. Stat. § 14-415.16 (c) (2011).

In the instant case, petitioner's permit had expired and had not been revoked prior to its expiration. Therefore, the criteria for revoking a permit under N.C. Gen. Stat. § 14-415.18 did not apply to petitioner's renewal application. When petitioner applied to renew his concealed handgun permit, the sheriff was required to determine whether petitioner met the requirements of N.C. Gen. Stat. § 14-415.12. *See* N.C. Gen. Stat. § 14-415.16(c).

Under N.C. Gen. Stat. § 14-415.12, the sheriff "shall deny a permit to an applicant who[,]" *inter alia,* "has been adjudicated guilty of . . . one or more crimes of violence constituting a misdemeanor . . . [including] a violation of a misdemeanor under Article 8 of Chapter 14 of the General Statutes . . . ." N.C. Gen. Stat. § 14-415.12 (b)(8) (2011). Petitioner was adjudicated guilty in

Cabarrus County of assault on a female pursuant to N.C. Gen. Stat. § 14-33(c)(2) on 14 May 2001. Assault on a female is a crime of violence amounting to a misdemeanor violation under Article 8 of Chapter 14 of the General Statutes. Thus, petitioner did not meet the requirements of N.C. Gen. Stat. § 14-415.12 and, as a result, he was not entitled to a renewal of his permit under N.C. Gen. Stat. § 14-415.16. Accordingly, respondent properly denied petitioner's application, and the trial court did not err in upholding respondent's denial of petitioner's January 2011 application for a concealed handgun permit. This argument is overruled.

## IV. Constitutional Violation

[2] Petitioner also argues that N.C. Gen. Stat. § 14-415.12, as applied to petitioner, violates the Second Amendment of the United States Constitution. We disagree.

"[D]e novo review is ordinarily appropriate in cases where constitutional rights are implicated." *Piedmont Triad Reg'l Water Auth. v. Summer Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001).

The Second Amendment of the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." U.S. Const. amend. II. This language guarantees the "pre-existing" "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592, 171 L. Ed. 2d 637, 657 (2008) (emphasis omitted). In *Heller*, the Supreme Court struck down a District of Columbia law that placed a ban on the possession of handguns in the home. *Id.* at 635, 171 L. Ed. 2d at 657.

Since the Supreme Court's ruling in *Heller*, several Federal Circuit Courts of Appeal have developed a two-part analysis for challenges to the Second Amendment. *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010); *United States v. Reese*, 627 F.3d 792, 800 (10th Cir. 2010). When applying this analysis, the first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee. This historical inquiry seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification." *Chester*, 628 F.3d at 680. If not, the law is valid and the inquiry is complete. *Id.* If so, the law is evaluated under the appropriate form of "means-end scrutiny." *Id.* We find *Chester*, *Marzzarella* and *Reese* persuasive, and we will

also apply the two-part analysis to determine if the burden imposed by N.C. Gen. Stat. § 14-415.12 violates petitioner's constitutional rights.

As an initial matter, we must determine whether a permit to carry a concealed handgun is protected by the Second Amendment. Petitioner argues that he has a fundamental right protected by the Second Amendment to carry and conceal a handgun outside the home. Respondent argues that petitioner does not have a fundamental right to obtain a concealed handgun permit, and the Second Amendment does not apply.

The Supreme Court has recognized that the Second Amendment right to keep and bear arms is not infringed by prohibitions against carrying concealed weapons. *Robertson v. Baldwin*, 165 U.S. 275, 281-82, 41 L. Ed. 715, 717 (1897). While the *Heller* Court's definition of the term "bear arms" as used in the Second Amendment included the right of an individual to "carry . . . upon the person or in the clothing or in a pocket," the Court's opinion clarifies that the scope of the "Second Amendment right is not unlimited." *Heller*, 554 U.S. at 584 and 626, 171 L. Ed. 2d at 653 and 678. Specifically, the Court recognized that it is "not a right to keep a weapon whatsoever in any manner whatsoever and for whatever purpose[,]" and acknowledged that previously courts have "held that prohibitions on carrying concealed weapons were lawful under the Second Amendment and state analogues." *Id.* (citing *Nunn v. State*, 1 Ga. 243, 251 (1846)(finding that an act that suppressed an individual's ability to carry "certain weapons *secretly*," was valid because it did not "deprive the citizen of his *natural* right of self-defence [sic], or of his constitutional right to keep and bear arms.")).

Other state courts that have analyzed this language have found that the Second Amendment does not protect an individual's right to conceal a weapon. *See State v. Knight*, 218 P.3d 1177, 1190 (Kan. App. 2009) (noting that the *Heller* Court's mention of prohibitions on carrying concealed firearms "clearly shows that the *Heller* Court considered concealed firearms prohibitions to be presumptively constitutional under the Second Amendment"); *People v. Flores*, 86 Cal.Rptr.3d 804, 808 (Cal. App. 2008) (citing *Robertson* and *Heller* in holding that "[g]iven this implicit approval [in *Heller*] of concealed firearm prohibitions, we cannot read *Heller* to have altered the [C]ourts' longstanding understanding that such prohibitions are constitutional.").

The Supreme Court of North Carolina has also recognized that "the right of individuals to bear arms is not absolute, but is subject to regulation." *State v. Dawson*, 272 N.C. 535, 546, 159 S.E.2d 1, 9 (1968); *see also State v. Speller*, 86 N.C. 697, 700 (1882) ("The distinction between the *'right to keep and bear arms,'* and *'the practice of carrying concealed weapons'* is plainly observed in the constitution of this state. The first, it is declared, shall not be infringed, while the latter may be prohibited.").

In the instant case, petitioner was denied a concealed handgun permit pursuant to N.C. Gen. Stat. § 14-415.12 because of his previous conviction of assault on a female. While courts have consistently held that the Second Amendment protects an individual's right to *possess* a weapon, courts have also found that the Second Amendment does not extend to an individual's right to *conceal* a weapon. *See Robertson*, 165 U.S. at 281-82, 41 L. Ed. at 717; *Heller*, 554 U.S. at 626, 171 L. Ed. 2d at 678. Therefore, we conclude that petitioner's right to carry a concealed handgun does not fall within the scope of the Second Amendment, and N.C. Gen. Stat. § 14-415.12 is constitutional as applied to him. Since we have determined that N.C. Gen. Stat. § 14-415.12 does not impose "a burden on conduct falling within the scope of the Second Amendment's guarantee[,]" there is no reason to evaluate the law under any level of constitutional scrutiny. *Chester*, 628 F.3d at 680. This argument is overruled.

## V. Conclusion

Petitioner sought but failed to renew his concealed handgun permit because he did not qualify according to the criteria required by N.C. Gen. Stat. § 14-415.16, the statute entitled "Renewal of permit." Furthermore, N.C. Gen. Stat. § 14-415.12 is constitutional as applied to the petitioner. Therefore, we affirm the trial court's order which concluded that respondent properly denied petitioner's application for a concealed handgun permit due to petitioner's conviction for assault on a female.

Affirmed.

Judges ELMORE and STEPHENS concur.