IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-197

 Filed: 15 October 2019

Mecklenburg County, No. 18 CVD 12761

RE: THE MATTER OF APPEAL FOR A CONCEALED HANDGUN PERMIT BY:
HOWARD DUVALL, III, applicant.

 Appeal by petitioner from order entered 4 September 2018 by Judge Alicia D.

Brooks in Mecklenburg County District Court. Heard in the Court of Appeals 4

September 2019.

 Redding Jones, PLLC, by Ty K. McTier and David G. Redding, for petitioner-
 appellant.

 Womble Bond Dickinson (US) LLP, by Sean F. Perrin, for respondent-appellee
 Mecklenburg County Sheriff’s Office.

 TYSON, Judge.

 Howard Duvall, III (“Petitioner”) appeals from an order denying his

application for a concealed handgun permit. We reverse the district court’s order and

remand.

 I. Background

 Petitioner is a decorated Vietnam combat veteran, who served in the U.S.

Army for five years and received an honorable discharge from his service. He earned

a Bachelor’s Degree in Industrial Management and a Masters of Business
 IN RE: DUVALL

 Opinion of the Court

Administration degree. Petitioner developed and owned a real estate development

company, which he sold in 2011 and retired in 2013.

 Petitioner applied for and received a permit to purchase a handgun from the

Mecklenburg County Sheriff’s Office (“MCSO”) on 15 September 2017. He

successfully completed his gun safety training course and then applied for a concealed

handgun permit on 16 March 2018. Petitioner completed and filed the sworn,

notarized application, checked the appropriate boxes, attached a copy of his DD-214

military service discharge, and paid his application fees. On his application, he

checked “Yes” for successful completion of an approved firearms safety and training

course and attached his Certificate of Completion.

 Petitioner checked the “No” box to indicate he did not “suffer from a physical

or mental infirmity that prevents the safe handling of a handgun.” This language

refers to N.C. Gen. Stat. § 14-415.12(a)(3) (2017) [hereinafter the “safe handling

subsection”]. He also checked “No” to indicate he was not “an unlawful user of (or

addicted to) marijuana, alcohol, or any depressant, stimulant, or narcotic drug, or any

other controlled substance as defined in 21 U.S.C. § 802.” This language refers to

N.C. Gen. Stat. § 14-415.12(b)(5) (2017) [hereinafter the “substance abuse

subsection”].

 The record shows a clerk at MCSO cleared Petitioner of any prior criminal or

other disabling record on 5 April 2018 and Petitioner was provisionally approved for

 -2-
 IN RE: DUVALL

 Opinion of the Court

issuance of a concealed handgun permit, pending final review. On 18 May 2018,

MCSO denied his application, citing the substance abuse subsection. The notice of

denial also stated, “YOU ARE DENIED BASED ON INFORMATION RECEIVED

FROM VETERANS AFFAIRS.”

 Petitioner’s medical records show a diagnosis of acute PTSD following military

combat, entered on 12 September 2016. Petitioner also has a prior record of “alcohol

abuse, unspecified drinking behavior.” At a therapy session on 12 March 2018,

Petitioner had expressed “concerns about his drinking behaviors.” At a session on 26

March 2018, Petitioner reported that he “continues to monitor his drinking habits”

and would request a referral to Substance Abuse Services, “if he needs or has been

unable to make changes on his own.”

 Petitioner had lost a young child to sudden infant death syndrome and the

records show he acknowledged, “having several [suicidal] thoughts in the past, with

a plan, but has never acted on any of them.” Petitioner denied any history of suicide

attempts. This history was not a stated basis for MCSO’s denial of Petitioner’s

application.

 After receipt of the denial of his application from MCSO, Petitioner emailed

his Primary Care Physician at the Charlotte Veterans Administration (“VA”) Clinic

on 3 June 2018:

 Apparently, the Sheriff’s Department believes that I am an
 “…unlawful user of or addicted to …[] (a) controlled

 -3-
 IN RE: DUVALL

 Opinion of the Court

 substance…” based upon “information received from
 Veterans Affairs.”

 I am not aware that I am now or ever have been an
 unlawful user of or addicted to a controlled substance. It
 is very disturbing that the sheriff has reached this
 conclusion.

 Will you please let me know what is in my records that
 would lead them to this conclusion and help me correct the
 information?

 The next day, a registered nurse employed at the VA Clinic replied: “I do not

see where your primary care provider is prescribing you any controlled substances. I

also don’t see at first glance what this denial could be in reference to.” The nurse

recommended Petitioner contact MCSO for more information about the basis of his

denial.

 On 25 June 2018, Petitioner sent a letter to the Chief District Court Judge in

Mecklenburg County, enclosing a copy of MCSO’s initial denial and the reply email

from his nurse, and asked that the court consider his letter as his appeal. The next

day, Petitioner filed pro se a formal appeal with the district court. The court set a

hearing for 4 September 2018, and served both Petitioner and MCSO with notice.

MCSO sent Petitioner a copy of the records submitted to the district court on 22

August 2018.

 After the hearing on 4 September 2018, the district court denied Petitioner’s

appeal. The district court made two findings of fact. In addition to agreeing with the

MCSO’s finding that Petitioner was disqualified as being addicted under the

 -4-
 IN RE: DUVALL

 Opinion of the Court

substance abuse subsection, it also found he was unqualified under the safe handling

subsection. Next to the safe handling finding, the court made a handwritten notation

on its order denying Petitioner’s appeal: “PTSD + suicidal ideation.” On 4 December

2018, Petitioner filed his notice of appeal with the district court, and served MCSO.

 II. Jurisdiction

 An appeal of right lies with this Court from a final judgment pursuant to N.C.

Gen. Stat. § 7A-27(b)(2) (2017).

 The record in this appeal contains no certificate of service of the district court’s

judgment. Petitioner filed his notice of appeal three months after the date of

judgment by the district court. Although this notice ordinarily would be untimely

under N.C. R. App. P. 3(c), “where . . . there is no certificate of service in the record

showing when appellant was served with the trial court judgment, appellee must

show that appellant received actual notice of the judgment more than thirty days

before filing notice of appeal in order to warrant dismissal of the appeal.” Brown v.

Swarn, __ N.C. App. __, __, 810 S.E.2d 237, 240 (2018) (emphasis original). “Under

Brown, unless the appellee argues that the appeal is untimely, and offers proof of

actual notice, we may not dismiss.” Adams v. Langdon, __ N.C. App. __, __, 826 S.E.2d

236, 239 (2019). Appellee fails to argue the appeal is untimely or to offer proof of

actual notice or service more than thirty days prior to appeal. Petitioner’s appeal is

properly before us. Id.

 -5-
 IN RE: DUVALL

 Opinion of the Court

 III. Issues

 Petitioner asserts several arguments on appeal: procedural, factual, statutory,

and constitutional. All involve the application and interpretation of N.C. Gen. Stat.

§ 14-415.12 (2017).

 Factually, Petitioner argues no evidence supports the district court’s

conclusion that Petitioner is an unlawful user of or addicted to marijuana, alcohol, or

any depressant, stimulant, narcotic drug, or any other controlled substance as is

defined in 21 U.S.C. § 802. Statutorily, Petitioner argues that the safe handling

subsection was not the proper subsection under which MCSO or the district court

could deny an applicant for mental illness or fitness reasons.

 Constitutionally, Petitioner argues: (1) due process protections require prior

notice and an opportunity to be heard at a meaningful time and manner before

denying him a permit; (2) the district court’s application of the safe handling

subsection was overbroad and infringes upon any applicant’s Second Amendment

rights; and, (3) his privacy rights in his mental health records were similarly

infringed.

 IV. Standard of Review

 An appellant’s constitutional claims are reviewed de novo. Kelly v. Riley, 223

N.C. App. 261, 266, 733 S.E.2d 194, 197 (2012) (citing Piedmont Triad Reg’l Water

Auth. v. Summer Hills, Inc., 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001)).

 -6-
 IN RE: DUVALL

 Opinion of the Court

 Where the trial court makes both findings of fact and conclusions of law, the

standard of review “is whether there is competent evidence to support the trial court's

findings of fact and whether the findings support the conclusions of law and ensuing

judgment.” Sessler v. Marsh, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)

(citation omitted).

 Though the record shows Petitioner timely contracted for the preparation of

the transcript, no transcript of the hearing appears in the record on appeal. Also, a

narrative of the hearing is not provided, as is permitted by N.C. R. App. P. 9(c)(1).

When “‘[t]he record does not contain [a transcript of] the oral testimony . . . the court’s

findings of fact are presumed to be supported by competent evidence.’” Davis v.

Durham Mental Health/Dev. Disabilities Area Auth., 165 N.C. App. 100, 111, 598

S.E.2d 237, 245 (2004) (citation omitted).

 Without a transcript or narrative, our review of the trial court’s findings of fact

is restricted on appeal, but “[i]ssues of statutory construction are questions of law,

reviewed de novo on appeal.” McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d

590, 592 (2010).

 V. Analysis

 A. Procedural Due Process

 Petitioner argues the lack of prior notice and the “bare bones” denial of his

application by the district court denied him due process. We agree.

 -7-
 IN RE: DUVALL

 Opinion of the Court

 An important check on the power of the government, the
 principle of procedural due process requires that the states
 afford the individual a certain level of procedural
 protection before a governmental decision may be validly
 enforced against the individual. Procedural due process
 safeguards may be invoked when a state seeks to apply its
 laws in a manner in which individuals are “exceptionally
 affected, in each case upon individual grounds[.]”

Debruhl v. Mecklenburg Cty. Sheriff’s Office, __ N.C. App __, __, 815 S.E.2d 1, 5 (2018)

(quoting Bi-Metallic Invest. Co. v. State Bd. of Equalization, 239 U.S. 441, 446, 60 L.

Ed. 372, 375 (1915)).

 “An elementary and fundamental requirement of due process in any

proceeding which is to be accorded finality is notice reasonably calculated, under all

the circumstances, to apprise interested parties of the pendency of the action and

afford them an opportunity to present their objections.” Mullane v. Cent. Hanover

Bank & Tr. Co., 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950) (citation omitted).

“Notice of issues to be resolved by the adversary process is a fundamental

characteristic of fair procedure.” Lankford v. Idaho, 500 U.S. 110, 126, 114 L. Ed. 2d

173, 188 (1991).

 In addition to prior notice, a “fundamental requirement of due process is the

opportunity to be heard ‘at a meaningful time and in a meaningful manner.’” Mathews

v. Eldridge, 424 U.S. 319, 332, 47 L. Ed. 2d 18, 32 (1976) (quoting Armstrong v.

Manzo, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66 (1965)).

 -8-
 IN RE: DUVALL

 Opinion of the Court

 Under the concealed handgun statute, “[i]f the sheriff denies the application

for a permit, the sheriff shall, within 45 days, notify the applicant in writing, stating

the grounds for denial.” N.C. Gen. Stat. § 14-415.15 (2017). In Debruhl, MCSO had

denied an applicant’s renewal of his concealed handgun permit. Debruhl, __ N.C. App

at __, 815 S.E.2d at 3. The denial consisted of:

 a vague, bare bones written notice advising Petitioner that
 his application had been denied . . . pursuant to “NCGS 14-
 415.12(a)—Does not meet the requirements for
 application.” The notice did not specify which subsection of
 N.C. Gen. Stat. § 14-415.12(a) Petitioner did not satisfy,
 nor did it provide him with an explanation of the factual
 basis for the denial.

Id. at __, 815 S.E.2d at 8.

 When Debruhl appealed to the district court,

 he noted that “[t]he information provided in the Denial is
 so minimal that there is no way for Petitioner to know what
 facts to challenge on appeal.” Petitioner was not
 subsequently provided with any such information, and on
 appeal the district court merely “reviewed [Petitioner’s] . . .
 relevant information” before finding that Petitioner
 “suffers from a mental health disorder that affects his
 ability to safely handle a firearm.” It is undisputed that
 Petitioner was first informed of the precise grounds for the
 denial of his renewal application in the district court’s
 order.

Id.

 This Court held the notice provided in Debruhl, such as it was, to be “wholly

inadequate.” Id. Here, Petitioner received a reference to a specific subsection for the

sheriff’s denial, but the mere citation to and recitation of the substance abuse

 -9-
 IN RE: DUVALL

 Opinion of the Court

subsection in the statute did little to afford Petitioner a meaningful manner, notice,

or opportunity of knowing the basis of the denial and which issues were to be resolved

by the adversary process on appeal.

 Petitioner had absolutely no prior notice that either his mental health or the

safe handling subsection would be at issue during the hearing before the trial court.

MCSO did not find Petitioner to be unqualified on that basis or under that subsection.

MCSO’s denial did not inform Petitioner that any mental or physical infirmity calling

into question his ability to safely handle a firearm would be an issue on appeal.

 Respondent argues MCSO’s denial, which stated Petitioner’s VA records

provided the basis for the denial of his permit, placed him on notice that anything

contained within those records would be at issue on appeal. We disagree.

 A reasonable person reading MCSO’s denial, which refers to a specific

statutory subsection and cites a specific source of information, would not presume to

know or be on notice that the entirety of any and all information from that source of

information was at issue on further review. Petitioner had no meaningful notice his

mental health history would be either at issue or a basis of denial for inability to

safely handle a firearm before the trial court. Id. The denial of Petitioner’s

fundamental due process rights mandates reversal.

 B. Substance Use

 - 10 -
 IN RE: DUVALL

 Opinion of the Court

 Petitioner also argues MCSO’s and the district court’s conclusions that

Petitioner was disqualified under the substance abuse subsection as addicted to a

controlled substance under 21 U.S.C. § 802 (2018) is unsupported.

 Our review of this issue is restrained by the lack of a transcript. When this

type of transcription issue arises, the Rules of Appellate Procedure permit the parties

to create a narrative as a substitute for the verbatim transcript. See N.C. R. App. P.

9(c)(1). The parties conceded at oral argument that they never attempted to create

one. As a result, we have no record of what oral testimony evidence, if any, the trial

court heard below.

 Ordinarily, the burden of creating the appellate record rests with the

appellant. Here, the burden shifted to MCSO to show the alleged violation had no

impact on the remainder of the proceedings, because MCSO violated Duvall’s due

process rights. Hill v. Cox, 108 N.C. App. 454, 461, 424 S.E.2d 201, 206 (1993).

Without a transcript or narrative of what occurred at the hearing, MCSO cannot meet

that burden.

 While it is unnecessary at this time to reach Petitioner’s remaining arguments

and MCSO’s and the district court’s conclusions under the substance abuse

subsection, on remand MCSO and the district court must use and apply the

specifically incorporated definition of “addict” from 21 U.S.C. § 802.

 - 11 -
 IN RE: DUVALL

 Opinion of the Court

 “Where a statute contains two clauses which prescribe its applicability, and

the clauses are connected by a disjunctive (e.g. ‘or’), the application of the statute is

not limited to cases falling within both clauses, but will apply to cases falling within

either of them.” Grassy Creek Neighborhood Alliance, Inc. v. City of Winston-Salem,

142 N.C. App. 290, 296, 542 S.E.2d 296, 300 (2001) (quoting Davis v. N.C. Granite,

259 N.C. 672, 675, 131 S.E.2d 335, 337 (1963)).

 The substance abuse subsection is such a statute, disqualifying an applicant

who is either “an unlawful user of, or addicted to marijuana, alcohol, or any

depressant, stimulant, or narcotic drug, or any other controlled substance as defined

in 21 U.S.C. § 802.” N.C. Gen. Stat. § 14-415.12(b)(5) (emphasis supplied). The

incorporated definitions of § 802 equally apply to all terms falling within the

subsection. As noted, MCSO had confirmed Petitioner had no record of prior criminal

or other disqualifying history of unlawful use and provisionally approved his

application. The only references in Petitioner’s VA medical history are of possible

substance addiction, not unlawful use.

 Under the 21 U.S.C. § 802 definition, an “‘addict’ [is] any individual who

habitually uses any narcotic drug so as to endanger the public morals, health, safety,

or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the

power of self-control with reference to his addiction.” 21 U.S.C. § 802(1). This specific

and incorporated definition provides the standard MCSO and the district court must

 - 12 -
 IN RE: DUVALL

 Opinion of the Court

apply on remand when adjudicating whether an applicant is “addicted” to be

disqualified under the substance abuse subsection in the statute. N.C. Gen. Stat. §

14-415.12(b)(5).

 VI. Conclusion

 Petitioner was not afforded fundamental due process by being provided any

prior and meaningful notice that his mental health and ability to safely handle a

firearm would be at issue in the district court. The district court on remand, in

applying the substance abuse subsection, must use the standard incorporated in the

statute from 21 U.S.C. § 802(1).

 We reverse and remand for further proceedings for Petitioner to be provided

prior and meaningful notice and opportunity to be heard consistent with due process

on all the issues to be adjudicated and presented before the district court. The order

and judgment appealed from is reversed and remanded for further proceedings

consistent with this opinion. It is so ordered.

 REVERSED and REMANDED.

 Judge YOUNG concurs.

 Judge DIETZ concurs in result only, with separate opinion.

 - 13 -
 No. COA19-197 – In re Duvall

 DIETZ, Judge, concurring in result only.

 I agree that the Sheriff violated Duvall’s constitutional rights. This is not a

close case. The State created a process for reviewing and issuing concealed carry

permits. That process requires that, if an application is denied, the Sheriff must

“notify the applicant in writing, stating the grounds for denial.” N.C. Gen. Stat. § 14-

415.15 (2017). As the majority explains, the Sheriff’s Office did not follow that

process—it sandbagged Duvall by asserting a new ground for denial at the court

hearing. That is an obvious violation of the Due Process Clause.

 Having found a procedural due process violation, we must reverse the trial

court’s ruling based on that newly asserted argument at the hearing. We must then

ask if this violation prejudiced the remainder of the proceeding. Hill v. Cox, 108 N.C.

App. 454, 461, 424 S.E.2d 201, 206 (1993). We have no way to know. As the majority

explains, there is no transcript of the trial court’s evidentiary hearing because of

problems with the courtroom audio recording. When this type of transcription issue

arises, the Rules of Appellate Procedure permit the parties to create a narrative as a

substitute for the verbatim transcript. See N.C. R. App. P. 9(c)(1). But the parties

conceded at oral argument that they never attempted to create one. As a result, we

have no record of what evidence the trial court heard below.

 Ordinarily, the burden of creating the appellate record rests with the

appellant. But because the Sheriff violated Duvall’s due process rights, the burden

shifted to the Sheriff to show that the alleged violation had no impact on the
 IN RE DUVALL

 DIETZ, J., concurring in result only

remainder of the proceedings. Hill, 108 N.C. App. at 461, 424 S.E.2d at 206. Without

a record of what occurred at the hearing, the Sheriff cannot meet that burden.

Accordingly, I fully support the majority’s judgment to vacate the trial court’s decision

in its entirety and remand for further proceedings.

 I would end the analysis there and remand for a new hearing in which the

Sheriff must proceed solely on the ground for which Duvall received the necessary

notice required by law.

 2